## WILLIAM TIPTON v. JOSE MANUEL CORDOVA.

Bond on Appeal from Justice is "Process," and Requires Stamp.—An appeal bond on an appeal from a justice is the "process," or principal step in taking the appeal, and requires a stamp, under the United States revenue law, or the appeal will be invalid.

Invalid Appeal not Cured by Amendment.—An appeal from a justice, which is invalid for want of a stamp on the appeal bond, can not be cured by an order in the district court permitting the appellant to amend by filing a new bond, properly stamped.

Appeal from the district court for Mora county. The case appears from the opinion.

*Wheaton and Clever,* for the appellant.

*R. H. Tompkins,* for the appellee.

By Court, Benedict, C. J.:

This was an action of forcible entry and detainer, by Cordova against Tipton, before a justice of the peace, in which, upon the trial, judgment was rendered against Tipton, and he sought to appeal, and entered into bond for such purpose, but omitted to place a revenue stamp of fifty cents upon the bond. In the district court the appellee moved to dismiss the appeal for want of a revenue stamp upon the bond. The appellant moved for a rule upon the justice to send up a perfect transcript, which was granted, and the clerk annexed a revenue stamp of fifty cents to the notice issued to the justice. The justice also attached a like fifty-cent stamp to his answer to the rule. The court gave leave to the appellant to amend his appeal bond. To the amended bond a like stamp was affixed. The court, after all these acts were performed, dismissed the appeal, upon the ground that the original bond upon which the cause was taken from the justice's court to the district court was not stamped in conformity with the requirements of an act of congress, approved June 30, 1864.

The judgment dismissing the appeal is the error assigned upon the record in this court.

The one hundred and fifty-eighth section of the cited act provides: "That any person or persons who shall make,

sign, or issue, or who shall cause to be made, signed, or issued, any instrument, document, or paper of any kind or description whatsoever, or shall accept or pay, or cause to be accepted or paid, any bill of exchange, draft, or order, or promissory note for the payment of money, without the same being duly stamped or having thereon an adhesive stamp for denoting the duty chargeable thereon, with in intent to evade the provisions of this act, shall for every such offense forfeit the sum of two hundred dollars, and such instrument, document, or paper, bill, draft, order, or note, shall be deemed invalid and of no effect."

Section 170, schedule B, declares that a stamp of fifty cents shall be upon " writs or other process on appeals from justices' courts or other courts of inferior jurisdiction to a court of record."

In the Revised Statutes of this territory, sec. 81, p. 162, it is provided that " any person aggrieved by any judgment rendered by any justice may appeal by himself, his agent, or attorney to the district court of the county where the same was rendered, provided, however, that no appeal shall be allowed unless the party appealing shall file a bond to the adverse party in a sum sufficent to secure such judg ment and costs, with one or more securities to be approved by the justice.

" Sec. 82. Upon an appeal being made according to the foregoing section, the justice shall allow the same, and make an entry of such allowance on his docket, and all fur ther proceedings on the judgment shall be suspended by the allowance of the appeal.

" Sec. 83. On or before the first day of the next term of the district court for the county, the justice shall file in the office of the clerk of said court, a transcript of all the en tries made in his docket relating to the case, together with all the papers relating to the suit."

The chief inquiries in this case are, what is the process by which appeals in this territory are taken from a justice's court to the district court, and where and when the reve nue stamp shall be applied. An appeal " signifies the re moval of a cause from an inferior court or judge to a supe-

rior."   "Process," says Jacob's Law Dict., p. 302, vol. 5,
" hath two significations: first, it is largely taken for all the
proceedings in any action or prosecution, real or personal,
civil or criminal, from the beginning to the end."

No statute of New Mexico commands any summons or
notice to issue to the adverse party when an appeal is taken
in the ordinary mode.  Indeed, should such a requirement
be made, the appeal must first be in the district court upon
which to base a summons.   It has been urged in argument,
that as no specific process or writ is ordained in appeals
from the justices' to the district court, no stamp duty is re-
quired.   This court can not tolerate such a proposition, al-
though it is made by a counsel holding the position of
United States district attorney for New Mexico.   Revenue
laws are necessarily arbitrary and positive in their char-
acter.   They must be so in all countries and governments.
The temptations to evade them, or the attempt to evade
them, should, in this republic, be removed, as far as hu-
man wisdom can establish.   The integrity and life of the
union has been preserved through appalling sacrifice of
blood and an immense accumulation of debt.   This is a
sacred debt, and must be faithfully discharged.   To this
end, and to perform justice and maintain the honor and
credit of the United States, such heavy taxation is now laid
upon the business of the people in so many varied forms.
The revenue from appeals in New Mexico is not to be de-
frauded or evaded by any want in this court to understand
what is, under our laws, the process of appeal or removal
of a cause from a justice's court to a superior court.   The
process includes the steps and forms of proceeding by
which the aggrieved party carries his cause to a higher tri-
bunal.   He must file a bond as required by law, and when
done his appeal is granted.   He has done all the laws re-
quire of him.   All further proceedings upon the judgment
in the justice's court must at once cease.   The party by
his acts has put the cause beyond the justice's control.   He
must transmit a transcript of his acts in the case to the
district court.   This is another step, but not the chief or
principal one.   It is not the act of the party, it is a duty

enjoined upon the justice by law. The moving for the appeal, and making of the bond, are the chief and essential steps in the proceedings or process of appeal. All the subsequent steps result as a matter of course. Somewhere and at some time the revenue stamp must be affixed. It is our opinion it should be applied upon the chief act of the party in the process or proceedings of appeal. This is the making of the bond. The bond must be made within the time prescribed by statute and duly stamped when made and perfected.

It is urged that bonds required in legal proceedings are exempt from stamp duties. The position seems to be correct from the reading of the statute. The appeal bond is not required to be stamped because it is a bond, but because it is the principal step or means taken in the process or proceeding of appeal. To affix the stamp upon the justice's transcript could not be contemplated, for the appeal has already been taken and allowed, and the justice but sends a history of the proceedings before him to the district court, together with the papers. In this he performs only a ministerial duty, and it would be unjust to charge him with the expense of furnishing the stamp.

Did the omission to fix a stamp when the bond was made render the attempt to appeal invalid? We think it did, in view of the necessary interpretation of the act of congress. It is said, and doubtless said truly, that the omission of the revenue stamp was not with intent to evade the act of congress. The appellant's intention might avail him in a defense against a prosecution to recover the penalty of two hundred dollars, but can not in his proceeding of appeal. This proceeding must be "deemed invalid and of no effect," as the statute declares.

. As, therefore, the attempt to appeal was wholly invalid, and of no effect, it could not have validity infused into it in the district court. Should this court permit parties to remove causes into the district court, and there affix revenue stamps, the door would be open for evasions and frauds upon the act of congress. Many appeals are settled and dismissed by the litigants themselves, without any action of

the court. In this case the appellant evidently resorted to several plans to cure, in the district court, his failure to stamp his appeal at the proper time. His appeal being wholly invalid and without effect, there was nothing which could be cured, and the court properly dismissed the proceeding.

It is the opinion of this court that the judgment of the court below be affirmed, with costs.