[No. 3448. Decided March 21, 1900.]

CAPITAL BREWING COMPANY, *Appellant,* v. W. J. CROS-BIE, *Respondent.*

UNLAWFUL DETAINER—PARTIES—ACTION BY SUCCEEDING LESSEE.

Under Bal Code, § 5527, which provides that a tenant of real property is guilty of unlawful detainer, when he holds over or continues in possession after the expiration of the term for which it is let to him, and that notice for the payment of rent or the surrender of the detained premises may be given in behalf of

the person entitled to the rent upon the person owing the same; and under Bal. Code, § 4824, which provides that every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law, an action of unlawful detainer may be maintained by a successor in interest of the estate of the landlord.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.     Reversed.

*Irwin & Bridges,* for appellant.

*Hogan & Abel,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—This was an action to recover possession of certain real estate. A demurrer was sustained to the complaint, and, plaintiff electing to stand by his pleading, judgment of dismissal was entered, from which he has appealed.

It appears from the complaint that the property in question is owned by one Sheriff; that the defendant entered into a written agreement with such owner, by the terms of which defendant leased the premises for a term expiring on the 1st of August, 1899, and that he entered into possession under the terms of this lease. It also appears that subsequently the owner executed a lease of the premises to the plaintiff herein, plaintiff's term to commence at the expiration of defendant's term and to continue for two years thereafter. Defendant's term having expired, he refused to surrender possession to plaintiff, and this action of unlawful detainer was commenced to recover possession.

In support of his demurrer, respondent takes the position that a successor in interest to the estate of a landlord cannot maintain an action of this character.

Section 5527, Bal. Code, is in part as follows:

" A tenant of real property for a term less than life is guilty of unlawful detainer either,—

1.  When he holds over or continues in possession, in person or by sub-tenant, of the property or any part thereof after the expiration of the term for which it is let to him."

This statute was passed by the legislature of 1891, and the section for which it was substituted contains, in addition to the language above set out, the following:

".    .    .    without the permission of his landlord or the successor in estate of his landlord, if any there be."

The respondent argues that the failure to incorporate this clause in the existing statute indicates a plain legislative purpose not to permit a successor to the estate of the landlord to maintain the action.    But the argument loses force when it is considered that in the omitted phrase the landlord is designated as well as his successor in estate; so that little, if any, significance can be attached to the failure to re-enact this omitted clause.    The most that can be said is that the act defines who shall be guilty of unlawful detainer, and provides a remedy therefor; but it does not of itself declare who may invoke the remedy. The appellant pertinently observes that, if the remedy can only be invoked by persons *specified in the statute,* then no person could maintain such an action, and the act would be a nullity.    Obviously, therefore, we must look elsewhere than to the statute itself for the authority to maintain the action.    Subdivision 3 of this same section provides that notice for the payment of rent or the surrender of the detained·premises may be given in behalf of the person *entitled to the rent* upon the person owing the same. It would seem to require but little argument to demonstrate that one who purchases real property becomes, from the date of such purchase, entitled to the rents which a tenant in possession at the time of the purchase is required to pay; and, if notice is essential to constitute a tenant

guilty of unlawful detainer and such notice may be given by the one entitled to collect the rent, as is expressly stated in this subdivision (3), the right of such person to maintain the action which the chapter contemplates seems obvious. In addition to this, § 4824, ch. 4, title 27, Bal. Code, upon the subject of parties to actions, provides that

" Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law."

The right of the plaintiff in the present instance to the possession of the property, and to recover the rents thereof, is as absolute as if he were the sole owner of the fee. Being the sole party entitled to possession, or to the rents, he must be held to be the real party in interest, within the meaning of § 4824, *supra*. It follows that the action can be maintained by the plaintiff, and the demurrer was improperly sustained. We have been unable to discover any statute similar to our § 5527, and cases from other jurisdictions are of little aid in determining the proper interpretation to be given that section.

Reversed and remanded.

DUNBAR, FULLERTON and REAVIS, JJ., concur.