[No. 3948.   Decided December 13, 1901.]

F. X. SCHREINER, *Respondent,* v. JANE DOE STANTON, *Appellant.*

LANDLORD AND TENANT — UNLAWFUL DETAINER — ACTION BY LANDLORD AFTER LEASE TO THIRD PARTY.

A landlord may maintain an action of unlawful detainer against a tenant holding over, although the landlord may have leased the premises to other parties (*Capital Brewing Co. v. Crosbie,* 22 Wash. 269, distinguished).

SAME — MONTHLY TENANCY — WHAT CONSTITUTES.

Under Bal. Code, § 4569, which provides that "when premises are rented for an indefinite time, with monthly . . . rent reserved, such tenancy shall be construed to be a tenancy from month to month," an agreement by a landlord to an assignment of a parol lease for an indefinite period, under which rent was payable monthly; would not create other than a monthly tenancy, where the landlord merely agreed that the assignment was "all right as long as she pays her rent and keeps a straight house."

PARTIES — MISNOMER — WAIVER OF ERROR.

The misnomer of defendant is immaterial, where she answers and defends without objection, and judgment is entered against her under her true name.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*Thomas S. Ellis* and *Root, Palmer & Brown*, for appellant.

*Fred H. Peterson*, for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action for unlawful detainer. In June, 1900, respondent leased a lodging house in Seattle to one Malacord at a monthly rental of $75, payable monthly in advance. Malacord had purchased the furniture in the lodging house, and gotten a verbal assignment, which was consented to by respondent, of a similar lease from a former tenant. After an occupancy of some two weeks, Malacord sold the furniture in the lodging house to appellant for the sum of $1,850, and verbally assigned his tenancy to appellant. In November, 1900, respondent caused notice to be served upon appellant to surrender possession of the premises. On December 1, 1900, respondent instituted this action, alleging a tenancy by appellant from month to month, and the required notice to surrender the same, and the unlawful detention thereof, and demanded possession of the premises and damages, and that the damages found be doubled by the court. Appellant answered and, in substance, denied that the tenancy was from month to month, and averred that an agreement was made that appellant should have the lodging house as long as she paid the rent and kept a respectable house. The answer also set up affirmatively that the inducement for the appellant to purchase the furniture in the lodging house was that she might have the possession of the same thereafter so long as the rent was paid and the house was conducted respectably; that the

assignment by Malacord of the tenancy to appellant was made with the full knowledge and consent of the respondent, who was consulted relative thereto.

At the trial defendant offered a supplementary answer, setting up that before the commencement of the suit plaintiff had executed and delivered valid leases to the lodging house to other parties, which leases gave a right of possession to the premises for the period of two years from and after the 1st of December, 1900, and alleging that plaintiff had not now the right to the possession of the premises, and was not a party in interest in the matter of the possession of the premises.  The court refused to allow the supplementary answer to be filed, on the ground that it did not state any defense; and the court also ruled out any testimony with reference to the leases made by plaintiff to other parties.  It is urged by counsel for the appellant that plaintiff, having executed leases to other parties, which gave them a right of possession to the premises, cannot now maintain this action; and the case of *Capital Brewing Co. v. Crosbie,* 22 Wash. 269 (60 Pac. 652), is cited.  In that case the court determined that the notice to quit and the action to obtain possession of the leased premises might be maintained by one holding a valid lease to the premises,—that is, one entitled to receive the rent for the same; but that case does not determine that the landlord may not maintain the action to recover possession of the premises. Referring to § 5527, Bal. Code, it was observed that subdivision 3 of this same section provided, that notice for the payment of rent or the surrender of the detained premises may be given in behalf of the person entitled to the rent, upon the person owing the same.  But we are inclined to view the interest of landlord and tenant in the possession as one, and the landlord must deliver the possession to his tenant.  The

tenant may, under the ruling in *Capital Brewing Co. v. Crosbie, supra,* institute his action to recover possession; but the obligation of the landlord is to deliver the possession to him. We think the landlord has sufficient interest in the possession to maintain the action. In *Commissioners v. Barnard,* 98 Cal. 199 (32 Pac. 982), it was determined, in unlawful detainer against a tenant holding over, an outstanding lease by the landlord to a third person, under whom the tenant does not claim, is no defense. See *Vincent v. Defield,* 98 Mich. 84 (56 N. W. 1104).

It is also urged that there was a misnomer in the name of the appellant. The suit was against Jane Doe Stanton, her real name is Delia J. Stanton, but she answered and defended without objection, and there is no merit in the contention that the judgment is not against the right person.

But the main defense urged upon the merits is that the tenancy was for a longer period than one month, and that such extended tenancy was the material inducement for appellant's purchase of the furniture in the lodging house from Malacord. We have examined the evidence, and can find no statement from any of the witnesses that indicates any inducement made by the respondent; in fact, there is but little, if any, conflict between the witnesses testifying upon what was said between appellant and respondent relative to the tenancy. Malacord, a witness for appellant, said with reference to his tenancy:

"I went and paid the rent, and Mr. Schreiner told me that I could stay there as long as I wanted to,—as long as I was keeping a decent house and paying rent."

Malacord stayed in possession eleven days, sold his furniture, and verbally assigned his tenancy to the appellant. Malacord and the appellant and Royal, a real estate agent,

then went to see respondent, and according to the statement of appellant's witnesses the conversation was between Royal, the real estate agent, and respondent. Royal's testimony is as follows:

"A. Well, first this gentleman who sold out the place to Mrs. Stanton, and Mrs. Stanton and myself went down to see Mr. Schreiner; stepped around to the side door and found Mr. Schreiner was busy, and then we stepped to a side back room, right opposite the side door, and waited a little while to see him; and after waiting a little while, we got up, I believe, and went out on the walk in front; and I left Mrs. Stanton standing on the walk in front of the saloon and the lodging house that she was purchasing, and went in to see,—went in with Mr. Malacord to speak with Mr. Schreiner. Mr. Schreiner was standing alone at his desk, or behind the bar or desk, in the front of the saloon. I stepped up to him and spoke to him; he stopped and leaned over, in a business like way, promptly; and I told him Mr. Malacord had an opportunity to sell out to Mrs. Stanton, and asked him if it was satisfactory. Mr. Schreiner replied,—he says,—'It is all right as long as she pays her rent and keeps a straight house.' 'Well,' I said, 'As to the straight house and the ability to pay rent, perhaps you had best meet the lady and talk it over with her.' He said, 'No, I don't care to'; he says, 'I am here in the house all the time myself, and if things are not run straight I will know it.' I asked him then if he would like some references. Mrs. Stanton had come to me with references, financially and otherwise, that were quite satisfactory; so I asked him that question. He says, 'No, I am here all the time.' That was the full extent of it, it was all done in about the time I am taking here now; that was about all there was of it."

Certainly the evidence, without controversy showed that the tenancy was for an indefinite time, with monthly rent reserved. The statute (§ 4569, Bal. Code) determines the time. It is declared:

"When premises are rented for an indefinite time, with monthly or other periodic rent reserved, such tenancy shall be construed to be a tenancy from month to month, or from period to period on which rent is payable, and shall be terminated by written notice of thirty days or more, preceding the end of any of said months or periods, given by either party to the other."

The notice having been given pursuant to the statute to terminate the tenancy, the verdict of the jury in favor of respondent must be conclusive.

The judgment is affirmed.

FULLERTON, HADLEY, MOUNT, DUNBAR and WHITE, JJ., concur.