AUG. SCHULZ, Daniel Schulz, Otto Schulz, John Schulz, a copartnership under the name of Aug. Schulz & Sons v. JOHN DAHL.

(130 N. W. 937.)

**Justice of the Peace — Appeal — Approval of Bond.**

The Code relating to appeals to the district court from judgments in the court of a justice of the peace requires the execution on the part of the appellant, by sufficient surety, of an appeal bond, which must be approved and filed in the office of the clerk of the district court to which the appeal is taken.

Appellant appealed from a judgment of a justice of the peace to the district court, and filed such undertaking. The clerk neglected to indorse the same or make any entry of his approval thereof, but filed the undertaking, and notified the justice of the appeal and directed him to transmit the record to the district court, as required by § 8507, Rev. Codes, 1905.

*Held*, that the notice given by the clerk to the justice which could only be given in case the undertaking met with the approval of the clerk is presumptive evidence of such approval, notwithstanding his failure to make his formal entry or indorsement of approval.

Opinion filed March 16, 1911.

Appeal from District Court, McLean county; *Winchester, J.*

Action by Aug. Schulz and others against John Dahl. Judgment for plaintiffs, and defendant appeals.

Reversed and remanded.

*Hyland & Nuessle,* for appellant.

If sureties sign bond on appeal it is sufficient, under the statute, if

the obligor fails to sign. Black Hills Mercantile Co. v. Gardiner, 5 S. D. 246, 58 N. W. 557; Howard v. Manderfield, 31 Minn. 341, 17 N. W. 946; Pierse v. Miles, 5 Mont. 551, 6 Pac. 347; Leffingwell v. Chave, 19 How. Pr. 57; Board of Education v. Sweeney, 1 S. D. 642, 36 Am. St. Rep. 767, 48 N. W. 302; Curtis v. Richards, 9 Cal. 34; Shakman v. Koch, 93 Wis. 595, 67 N. W. 925.

Where Code is silent as to mode of approval, any act showing acceptance of appeal bond by clerk is sufficient. Griffith v. Robinson, 19 Tex. 219; Hyde v. Adams, 80 Ala. 111; Mandel v. Peet, 18 Ark. 236; Levi v. Darling, 28 Ind. 497; Whitman Agri. Asso. v. National R. Electric & Industrial Asso. 45 Mo. App. 90; State use of Young v. Hesselmeyer, 34 Mo. 76; Bascom v. Smith, 31 N. Y. 597; Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860.

*J. E. Nelson,* for respondent.

Approval of appeal bond is jurisdictional. Thompson v. Fargo Heating & Plumbing Co. 14 N. D. 405, 104 N. W. 525; Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860.

SPALDING, J. The defendant, who is the appellant in this case, feels aggrieved at the action of the district court of McLean county in dismissing his appeal from a judgment entered after trial on the merits in justice court of that county, in the sum of $3.10, and he has taken his grievance so seriously to heart that he demands that this court listen to arguments thereon, and devote its time to relieve him from the burdens which he claims are so unjustly laid upon him.

It seems to the writer that a very considerable portion of the time of this court is occupied in the consideration of appeals in which only trifling amounts are involved, and that, in view of the fact that the court can, with difficulty, keep pace with the increasing litigation of the state, some of our reformers who are complaining so loudly about the delays incident to litigation, might profitably devote a little effort to secure the adoption of suitable provisions whereby litigation of the character disclosed by the record herein might be brought to a termination before it gets into this court, especially when it is sought to establish no important legal principle.

Briefly, the facts are, that respondent sued appellant in justice court for $3.10. On trial, respondent obtained judgment. Appellant ap-

pealed to the .district court, furnishing and filing, with his notice of appeal, an undertaking as required by law. The clerk of the district court marked the undertaking "filed," but failed to indorse thereon a minute of his approval. He, however, notified the justice that an appeal had been taken, and directed him to transmit the record to the district court, which he did in accordance with the provisions of § .8507, Rev. Codes 1905.

The defendant himself neglected to sign the undertaking on appeal, and in due time the respondent submitted a motion to the district court for the dismissal of the appeal, upon the two grounds,—that the principal had not executed the undertaking and that the clerk had not approved such undertaking; and the appeal was dismissed. From the order of the court dismissing it, the defendant appeals to this court.

Respondent abandons his original contention that it was necessary for the principal to execute the undertaking, and this leaves, as the only question for our consideration, whether any effect can be given the undertaking when it fails to disclose. the formal approval of the clerk. Our first impression was that the act of the clerk in approving or disapproving the undertaking could only be evidenced by an indorsement either on the undertaking or on his docket, but an examination of the authorities discloses that, with the possible exception of Colorado, they are practically unanimous in holding that any act on the part of the clerk inconsistent with a disapproval of the undertaking, or which could not be legally done unless the undertaking, had been approved, raises a presumption or inference of approval. In this case the notice to the justice, which could only be given in case the undertaking met with the approval of the clerk, is evidence from which such approval will be inferred, notwithstanding his failure to make a formal entry or indorsement of approval. Griffith v. Robinson, 19 Tex. 219; Hyde v. Adams, 80 Ala. 111; Mandel v. Peet, 18 Ark. 236; Whitman Agri. Asso. v. National R. Electric & Industrial Asso. 45 Mo. App. 90; State use of Young v. Hesselmeyer, 34 Mo. 76; Levi v. Darling, 28 Ind. 497; Bowles v. Page, 20 Wis. 310; 4 Am. & Eng. Enc. Law, p. 871, note 11, & p. 872, notes 12 & 13; 4 Cyc. Law & Proc. p. 537.

For this reason the order of the District Court is reversed, and the cause is remanded for further proceedings.

All concur, except Morgan, Ch. J., not participating.