[No. 1616, January 10, 1914.]

M. J. FAGGARD & COMPANY, Appellee, v. MRS. C. CUNNINGHAM, Appellant.

### SYLLABUS (BY THE COURT)

1. Under sections 3305 and 3365, C. L. 1897, a defendant may appeal from a default judgment rendered and entered against him by a Justice of the Peace.

P. 512.

Appeal from the District Court of Roosevelt County;

John T. McClure, District Judge; reversed and remanded.

GEORGE L. REESE, Portales, N. M., for appellant.

It is not necessary to enter an appearance in the Justice Court in order to be entitled to appeal to the District Court. Right to appeal from the Justice Court. C. L. 1897, secs. 3305, 3306, 3307, 3308, 3309, 3365, and 3317; Douthit v. Bailey, 14 N. M. 534, 99 Pac. 342; 6 Enc. Pl. & Pr. 227; St. Louis & S. F. R. R. Co. v. Couch, (Okla.) 114 Pac. 694.

The District Court is not a court for the correction of errors committed in the trial of cases in the Justice Court, where such Justice Court has original jurisdiction of the case tried. C. L. 1897, sec. 3317; Archibeque v. Miera, 1 N. M. 162; 13 Cyc. 786; Territory v. Lowitski, 6 N. M. 237, 27 Pac. 496; State v. O'Brien, (Mont.) 10 Ann. Cas. 1008.

T. E. MEARS, Portales, N. M., for appellee.

There can be no appeal from a default judgment. C. L. 1897, secs. 3255, 3257, 3260, 3266; 24 Cyc. 651; Wiggins v. Henderson, 36 Pac. 459; Whipple v. Southern Pac. Co., 55 Pac. 975; State ex rel., etc., v. Superior Court of Jefferson Count, et al., 41 Pac. 895; Clendenning v. Crawford, 7 Neb. 474.

## OPINION OF THE COURT.

ROBERTS, C. J.—A default judgment was entered against appellant by a Justice of the Peace in precinct No. 1, Roosevelt County, from which he appealed to the District Court. In that court a motion was interposed to dismiss the appeal, upon the ground that no appeal could be taken from a default judgment, entered by a Justice of the Peace, which was sustained. The sustaining of this motion presents the only question for review.

Section 3305, C. L. 1897, provides:

"Any person aggrieved by any judgment rendered by

any Justice of the Peace, may appeal by himself, his agent or attorney, to the District Court of the County where the same was rendered," etc.

While section 3365 reads:

"In all cases before a Justice of the Peace in which judgment shall be rendered against any party, either party may take his appeal to the District Court."

The above sections, it will be observed, confer the right of appeal upon "any person aggrieved" by any judgment, and the right is extended to "all cases." This being true, a defendant would have the right to appeal from a default judgment, unless some other section of the statute expressly or impliedly denies the right. Appellee has not called our attention to any provision of the statute in any way limiting or restricting the above sections in this regard. Under section 3317, all cases appealed to the District Court are tried *de novo.*

"A statute allowing an appeal from 'all final judgments' includes and authorizes an appeal from a judgment by default." 6 Ency. Pl. & Pr. 227.

Section 3305, supra, was construed by the Territorial Supreme Court in the case of Douthitt v. Bailey, 14 N. M. 530. The Court say:

"There is no restriction as to what cases can be appealed; the statute is mandatory and says in direct words that 'any person aggrieved by any judgment rendered by any justice may appeal,' consequently any person even if he enters the plea of guilty before a Justice of the Peace has the right to appeal, and on his filing the proper bond, the Justice is bound to grant the appeal to the District Court, where the case is tried *de novo.*"

Appellee relies upon the cases of Clendenning v. Crawford & McLaughlin, 7 Neb. 474; State v. Oliver (Wash.) 41 Pac. 895; Wiggins v. Henderson, (Nev.) 36 6Pac. 459; Whipple v. Southern Pacific Co., (Ore.) 55 Pac. 975, but an examination of the statutes upon which the decision in each case was based, will disclose entirely different provisions respecting the right of appeal, from those in force in this jurisdiction.

For the reasons stated, the judgment and order are

therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

### SYLLABUS (BY THE COURT)

