[No. 1604, November 28, 1914.]
[Rehearing Denied September 15, 1915.]

## BOARD OF EDUCATION OF CITY OF SANTA FÉ v. ASTLER.

### SYLLABUS BY THE COURT.

1. While a defendant in a civil action in the justice of the peace court is not required to file a written answer, and the same rule applies on appeal from the justice of the peace court to the district court, yet where in such cases a defendant elects to file a written answer he should be held to be confined to the issues he thereby tenders and to abandon such defenses as he fails to set out.          P. 3

2. In an action of unlawful detainer the notice to vacate, required by Laws 1901, c. 32, may be waived by the defendant.          P. 4

3. In an action for unlawful detainer the landlord, although before bringing such action he has rented the premises to another, is the proper party plaintiff.          P. 4

4. A mistake in the name of a corporation party plaintiff which might have been corrected by the trial judge, either before or after judgment (Comp. Laws 1897, § 2685, sub-secs. 82-86), and where there can be no question as to the identity of the corporation suing, will not be considered on appeal.          P. 4

Appeal from District Court, Santa Fé° County; E. C. Abbott, Judge.

Action by the Board of Education of the City of Santa Fé, a corporation, against Ida Astler. From a judgment for plaintiff, defendant appeals. Affirmed.

RENEHAN & WRIGHT, of Santa Fé, for appellant.

Appellant was entitled to 30 days' notice to vacate. C. 32, L. 1901; sec. 3347, C. L. 1897.

Municipal boards must act formally, not informally. 28 Cyc. 318-319.

Corporations, private and municipal, have only such powers as are granted to them.
Sec. 1564, C. L. 1897.

Actions by municipal corporations must be brought in the corporate name.
1 Dill. Mun. Corps., sec. 351; 28 Cyc. 1761.

The lessee who has never been let into possession is not the real party in interest in a suit against an intruder for forcible entry and detainer, but the rule is different where the unlawful detainer only is the cause of action.
Kelly v. Clancy, 15 Mo. App. 519; House v. Keiser, 8 Cal. 49; Dudley v. Lee, 39 Ill. 339; Anderson v. Ferguson, 71 Pac. 225; Price v. Old, 9 Kans. 66; Miller v. Balke, 167 Ill. 150.

CATRON & CATRON, of Santa Fé, for appellee.

The action was of unlawful detainer under the statute. Sec. 3345, C. L. 1897.

Acts of municipal corporations are subject to ratification at subsequent meeting.
2 Dillon, sec. 509 (n).

Difference between judicial and ministerial acts.
2 Dillon, sec. 522.

Act may be proved by parol.
2 Dillon, secs. 555, 557, 558.

Misnomer of corporation name is not material if identity of corporation is unmistakable, from face of instrument or averments and proof.
1 Dillon, sec. 349, and cases under footnote 5; Grafton Grocery Co. v. Home Brew. Co., 54 S. E. 349, 60 W. V. 281; Schaefer v. Phoenix Brew. Co., 4 Mo. App. 115; Board of Education v. Greenbaum & Sons, 39 Ill. 610; People v. Pike, 64 N. E. 393, 197 Ill. 449; M. K. & T. Ry. Co. v. Cardwell, 70 S. W. 103.

As to real parties in interest see:
Tiffary, Landlord & Tenant, 1735 et seq.; King v. Reynolds, 67 Ala. 229; Vautone v. Cannabic, 88 Pac. 374; Vincent v. Defield, 56 N. W. 1104; Lewis v. Brandle, 64 N. W. 734; Schreiner v. Stanton, 67 Pac. 219; Aurner v. Pierce, 106 Ill. App. 206; Gray v. Gray, 13 Ky. 468; Goerl v. Damrauer et al., 58 N. Y. Supp. 297; Cooper v. Cambill, 40 So. 827; Harrison v. Middleton, 11 Grat. (Va.) 527; Drew v. Mosbarger, 104 Ill. App. 625.

## OPINION BY THE COURT.

MECHEM, District Judge.—[1] The appellant objects that she was not given the 30 days' notice to which by statute (Laws 1901, c. 32) she was entitled. Appellant answered in the justice of the peace court by a written pleading in which this defense is not alluded to. In the district court, in addition to the written answer in the record, appellant filed a pleading named by her attorneys a "plea," in which this defense is not set out. While it is true, as contended by appellant's counsel, that pleadings are not required in the justice of the peace court to be in writing (section 3255, C. L. 1897), and upon appeal the case is tried de novo in the distict court "and the same rules shall govern the district court in said trial that are

prescribed for the government of justices' courts" (section 3317, C. L. 1897), yet, where in such cases a defendant elects to file a written answer, he should be held to be confined to the issues he thereby tenders and to have abandoned such defenses as he fails to set out. Royal Fraternal Union v. Crozier, 70 Kan. 85, 78 Pac. 162; Johnson v. Acme Harvesting Mach. Co., 24 Okl. 468, 103 Pac. 638.

[2] That appellee attempted to prove notice and failed is not important because the defense of a want of notice had been waived by the appellant and therefore was not an issuable fact. Of the power of a defendant in an action of unlawful detainer to waive the statutory notice to vacate there can be no doubt. Wolfer v. Hurst, 47 Or. 156, 80 Pac. 419, 82 Pac. 20, 8 Ann. Cac. 725; Lucas v. Brooks, 18 Wall. 436, 21 L. Ed. 779.

[3] Appellant alleged, and the evidence in the case showed, that before bringing the action appellee had rented the premises to Dr. David Knapp, and it is claimed that by such leasing Knapp became the real party in interest and that he alone is entitled to maintain this action. We are of the opinion that the appellee is the proper party plaintiff. Vincent v. Defield, 98 Mich. 84, 56 N. W. 1105; Schreinner v. Stanton, 26 Wash. 563, 67 Pac. 219. See note to Washington v. Moore, 120 Am. St. Rep. 29-36.

[4] In the district court the appellant objected to going to trial for the reason "that there is no such corporation as the Board of Education of the City of Santa Fé." The statute (section 1564, C. L. 1897) incorporating boards of education provides that their name and style shall be the "Board of Education of the City (or Town) of —————, of the territory of New Mexico." The mistake in the name of the plaintiff might have been corrected by the judge before judgment (sub-section 82, § 2685, C. L. 1897), or after judgment (sub-section 86), or may be by this court (sub-section 94, *Id.*). As there

can be no question as to the identity of the corporation suing, the objection will not be considered on appeal.

The judgment of the lower court is affirmed.

ROBERTS, C. J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.

