R. F. HOLMES, Petitioner, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe, HON. B. F. CURLER, District Judge Thereof, and W. A. GRIFFITY, Respondents.

No. 3232

July 7, 1938.

80 P.(2d) 907.

*R. K. Wittenberg* and *R. S. Flanary,* for Petitioner:

*McCarran, Rice & Bible,* for Respondents:

# OPINION

By the Court, DUCKER, J.:

Original proceeding in certiorari. The salient facts are as follows: Petitioner commenced an action in the justice court of the county of Washoe against W. A. Griffith and Mrs. W. A. Griffith. Griffith, who will hereinafter be referred to as respondent, answered and, after trial, judgment was rendered against him on the 13th day of April 1937. Respondent caused a notice of appeal to the Second judicial district court in and for said county, to be filed in the justice court and served on petitioner, on the 4th day of May 1937. On the same day respondent filed and served an undertaking on appeal with two sureties. Three days later petitioner duly excepted to said sureties and thereafter, one of them having failed to justify, the justice fixed the hour of 4:00 p. m. on May 12, 1937, as the hour for the substitute surety or sureties to justify. At about 10 o'clock

a. m. of the latter day, without notice to petitioner, respondent caused to be filed in said justice court a second appeal bond executed by the Maryland Casualty Company of Baltimore, Maryland, which the justice of the court at once approved and transmitted to the clerk of said Second judicial district court. The justice also transmitted to the said clerk a certified copy of his docket, and other papers filed in the case. Petitioner, through his attorney, was present at 4:00 p. m. on May 12, 1937, in the courtroom of the justice court. Thereafter petitioner duly moved said Second judicial district court for an order dismissing the appeal on the ground, among others, that the court was without jurisdiction thereof by reason of the failure of the said sureties to justify. An affidavit of the justice of the peace and of the attorney for respondent were filed in opposition to the motion to dismiss, and presented to the court on the hearing thereof. In the affidavit of the former it is stated that the affiant examined the bond, duly approved the same, certified it to the district court without justification as provided by law in such cases, after taking judicial notice, acquired from other causes in said justice court that said company was duly authorized to transact business in Nevada, and was in all respects financially responsible to execute a good and sufficient bond in the cause; that affiant certified said bond to the district court prior to the time set for justification of said Maryland Casualty Company as surety thereon for all of the foregoing reasons, and because a hearing on the sufficiency of said surety was unnecessary and would have constituted a waste of time, of affiant, as justice of the justice court of said township.

In another affidavit this affiant averred that the surety company made no attempt to justify in any manner. It is stated in the affidavit of the attorney that the justice approved said bond at about 10 a. m. on the 12th day of May 1937, notwithstanding a hearing on the justification of said Maryland Casualty Company as a surety

on said bond has been therefore regularly set for 4:00 p. m. of that day; and that at the time of the approval affiant suggested and requested the justice to forego approval until after said company justified at 4 o'clock p. m. of that day, whereupon said justice said, in substance, that he knew of his own knowledge and would take judicial notice of the sufficiency of said company, and that any hearing would therefore be useless and a waste of time.

The motion to dismiss was denied by the district court on the 8th day of February 1938, and on the 21st day of that month said court made an order fixing the 27th day of April 1938, at 10 o'clock a. m., for the trial of said cause de novo.

■ Petitioner has invoked the writ to review the action of the district court in making the above orders. He contends that the court acted without jurisdiction in those respects because there was not sufficient justification by the sureties or surety after an exception to their sufficiency had been taken. That such justification is essential to give a district court jurisdiction on appeal from a justice court was held in Yowell v. District Court, 39 Nev. 423, 159 P. 632. The statute construed in that case, section 5792 Revised Laws, reads: "* * * The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

The court said (page 633) : "The district court in the matter at bar was limited in its jurisdiction to a dismissal of the appeal upon motion of petitioner. Its power to act otherwise in the proceedings had been terminated by the failure on the part of the appellant to comply with the statutory provisions in the justice court. [Failure to justify.]"

██ The section involved in the case before us, 9339 N. C. L., is the same as said section 5792, except that the exception to the sureties must be filed within five days after the written notice of the filing of the undertaking. This court has held that where, instead of an appeal bond with individual sureties, a surety bond is given on an appeal as permitted by section 7627 N. C. L., failure of the surety company to justify, when properly challenged, is a jurisdictional defect and fatal to the appeal. Hough v. Roberts Mining & Milling Co., 58 Nev. 245, 75 P. (2d) 731. We pointed out in the case supra, that section 7630 N. C. L. 1929 provides a method of justification by a surety company. In that case no notice was given to defendant that the surety company undertaking was going to be filed and the surety company did not justify as provided in said section 7630, or at all. In the case at bar there was no justification as provided by that section, or at all, even if it should be assumed that the taking of judicial notice by the justice of the sufficiency of the surety was equivalent to the kind of proof required therein, for petitioner was deprived of the right given by the section to produce competent evidence to show that such surety company was not worth the sum of the undertaking over and above all of its just debts and liabilities, exclusive of property exempt from execution.

█ If it be conceded that the method provided by said section 7630 N. C. L. for justification by a surety company is not exclusive, still the adverse party would be entitled to disprove whatever other showing of sufficiency that might be made. This right is an essential part of a legal justification when an exception has been duly taken, as it was in this case.

The justice had fixed the hour of 4:00 p. m. for justification. The undertaking had been filed in time and the adverse party was on hand at that hour. However, as stated, the justice had previously approved the undertaking and certified it to the district court, notwithstanding respondent's attorney at the time of approval

suggested and requested the justice to forego approval of the undertaking until after said Maryland Casualty Company justified at 4:00 p. m.

■ Do these facts take the case out of the rule applied in Yowell v. District Court, and Hough v. Roberts Mining & Milling Co., supra? We think they do and that the district court acted within its jurisdiction in making the foregoing orders.

In each of these cases the failure to justify was due to the fault of the appellant. In Yowell v. District Court the appeal, due to the negligence of appellants, would have been held ineffectual if the sufficiency of the sureties had been properly challenged. In Hough v. Roberts Mining & Milling Co., the sureties were duly excepted to and the failure to justify rendered the appeal ineffectual. In the case at bar we do not think there was any negligence on the part of the party appealing. As appears from the affidavit of his attorney, he was ready to proceed to a justification at the appointed hour of 4:00 p. m., but was deprived of the opportunity by the action of the justice in spite of his protest. He might have avoided this by waiting until 4 p. m. to file his undertaking and offer his proof of sufficiency of the surety company, but his failure to anticipate summary action by the justice may not, we think, be chargeable to him as negligence.

■ Petitioner seeks to impute negligence to respondent in that he did not resort to mandamus to compel the justice to entertain an offer to justify at 4:00 p. m. This remedy was not open to respondent. When the justice certified and transmitted the undertaking to the district court his jurisdiction was at an end. The law does not require the doing of vain things. If respondent had presented the undertaking to the justice for filing within time and the latter had neglected to file it or refused to file it, or by his absence from his office or in any other way prevented its filing, it could not have been justly said that the right of appeal was lost.

■■ It would seem that when a party has taken all

steps necessary to perfect and make effective his appeal, that he should not be chargeable with any fault or omission on the part of the justice which the statute requires such justice to do. Hillyer's Justices' Code, annotated, section 1315, page 732. Certainly such view is in the furtherance of justice, for appeals as a rule are favored and not to be defeated by strained construction.

This rule was declared in an early case by the supreme court of Kansas. Struber v. Rohlfs, 36 Kan. 202, 12 P. 830. In that state statutes concerning appeals from justices' courts then provided in part for the filing of an undertaking to the adverse party, with at least one good and sufficient surety to be approved by the justice, and that an appeal shall be completed upon the filing and approval of the undertaking. In that case it was held that if a party appealing does all the law requires of him to entitle himself to an appeal, the justice cannot deprive him of this right by an omission to act, either through negligence or design. The court said (page 831): "If Struber presented his bond, with sufficient sureties at the office of the justice on August 7, 1884 [the last day for filing it], during business hours, or if the justice accepted and verbally approved the undertaking at any time on August 7th, the appeal would be in time, although the filing and written approval by the justice were not entered until the next day, as a justice cannot deprive a party of his right to appeal by an omission to act, either through negligence or design."

The foregoing case has been cited with approval several times by the supreme court of Oklahoma. Looper v. Houston, 174 Okl. 148, 49 P.(2d) 1062; St Joseph Mining Co. v. Pettitt, 90 Okl. 242, 216 P. 657; Chicago, R. I. & P. Ry. Co. v. Elsing, 52 Okl. 329, 152 P. 1091; Chicago, R. I. & P. Ry. Co. v. Moore, 34 Okl. 199, 124 P. 989.

We hold that the justice in this case, having by his premature action deprived the respondent of an opportunity to justify the surety company at the hour

appointed by the justice for such justification and within the time required by law, there was no jurisdictional defect in the proceedings.

Under such circumstances the right of petitioner to question the sufficiency of the surety must give way before the greater right of respondent to have his day in court. There is no merit in the other contention of petitioner.

The orders of the district court are affirmed and the writ dismissed.