128 P.2d 451

STATE ex rel. HERON v. DISTRICT COURT OF FIRST JUDICIAL DIST. WITHIN AND FOR RIO ARRIBA COUNTY et al.

No. 4699.

Supreme Court of New Mexico.

Aug. 12, 1942.

Kenneth A. Heron, of Chama, for petitioner.

Arthur Livingston, of Santa Fe, for respondent.

SADLER, Justice.

Petitioner was awarded an alternative writ of prohibition against the district court of the first judicial district for Rio Arriba County and against the Honorable Bryan G. Johnson as judge thereof for the trial of the cause to be mentioned, restraining respondents from proceeding further in that certain cause pending in said court entitled Kenneth A. Heron, Plaintiff, v. Patsy Kelly, Defendant, numbered 3814 on its civil docket and directing respondents to show cause before this court on a day named why said writ should not be made permanent. The matter was argued orally following the return day of the writ and is now before us for decision.

The controlling facts as gathered from the writ, subsequent responsive pleadings and evidence adduced at the hearing will now be stated. The cause is dockcted below as an appeal to the district court from a judgment in forcible entry and detainer rendered by the justice of the peace of Precinct No. 17 in Rio Arriba County. The defendant in the cause appeared personally in the justice court and also was represented at the hearing by another who acted as her attorney. No written answer was filed before the justice of the peace, only an oral answer of general denial being interposed. After the taking of evidence a judgment in plaintiff's favor was entered, ousting defendant and awarding damages of one hundred dollars. The judgment recited the presence and appearance of each party and that each was represented as well by another acting as attorney.

Judgment was entered on April 20, 1939. On the same day the defendant was allowed an appeal to the district court. On April 27, thereafter, the defendant filed her appeal bond with the justice of the peace in double the amount of the judgment and costs, bearing the signatures of the defendant and two sureties and also the several justifications and acknowledgments of the sureties. No claim is made that the bond is

not in proper form and lawfully conditioned. The justice of the peace accepted the bond without comment and filed same. Subsequent to filing of the bond but on the same day, the plaintiff filed with the justice of the peace a certificate of the county treasurer that the names of the sureties did not appear on the tax rolls of Rio Arriba County. On April 29, one day before expiration of the time for filing an appeal bond, on a chance meeting of the justice of the peace with the attorney for the defendant, the latter was verbally notified that the sureties were insufficient. The following undated endorsement appears on the bonds: "Securities insufficient, Thereby not approved. Isaac Martinez." The defendant's attorney thereupon requested the return of the bond on file to the end that one with sufficient sureties might be supplied. This request was denied.

The defendant then moved under 1929 Comp., § 79-508, by appearing before the district clerk and securing issuance of the writ therein described for transfer of the cause to the district court on appeal. Bond was filed in purported compliance with the requirements of this statute, following which the papers in the case were transmitted to the clerk of the district court and the case docketed as an appeal. In thus invoking the provisions of § 79-508, the defendant treated the action of the justice of the peace in relation to the bond filed with him as amounting to a refusal of an appeal.

Thereafter and on May 29, 1939, the plaintiff moved to dismiss the appeal which motion was denied. Subsequently, the defendant filed with the papers in the case in the district court her written answer of general denial. The plaintiff thereupon moved to strike same as not filed in time. Both motions were denied. The district judge threatening to proceed to trial, the plaintiff as petitioner asks this court to restrain permanently any further proceedings in the cause. We issued the alternative writ as already shown. The principal grounds for the writ, briefly summarized, are:

1. That the defendant had not perfected her appeal in the manner provided by statute.

2. That the defendant had failed to answer the complaint in the justice court, had there suffered a default judgment and that by reason thereof the district court has no power to try and adjudicate the cause on issues raised for the first time in the district court.

The question here, as always when we are asked to issue the writ of prohibition, is one of jurisdiction. Once we determine that question adversely to petitioner, all claims of error and of irregularity become unimportant in such a proceeding as this. Considered in the light of this controlling principle, we think the petition has failed to make out a case for the issuance of the writ.

In answer to the alternative writ the respondents have presented dual objections to the relief prayed. They say that the district court has jurisdiction of the appeal under either of two statutes, viz., (1) 1929 Comp., § 79-508, or (2) 1929 Comp., § 79-

501, because, as to the latter section, the defendant having tendered a good and sufficient bond, the appeal was accomplished when the justice of the peace gave tacit approval thereto by accepting and filing the same without objection. Passing the first ground urged as a defense, we think the second is decisive. The bond filed with the justice of the peace met all statutory requirements as to form. At least, no complaint as to insufficiency in this regard is urged. It was signed by the defendant and her sureties and properly justified and acknowledged by them. It must be deemed to have had the approval of the justice of the peace under the facts before us, even though he failed to endorse thereon his formal approval. It was entitled to such approval as a matter of law save as to sufficiency of sureties. As to this, his receipt of the bond and entry of its filing on his docket without comment or indication of any desire to inquire touching the sureties, would justify any reasonable person in the belief it was acceptable. Under the circumstances, it will be deemed approved as of the time it was thus filed. The justice of the peace could not defeat the appeal or withhold jurisdiction from the district court to entertain same by subsequently disapproving the bond when the time for filing same had expired, or so near its expiration as to render doubtful defendant's ability to substitute another bond within such time.

Both reason and authority support the proposition that where a party seeking to appeal has done or attempted to do all that the law requires of him to accomplish same, his right to such appeal may not be defeated by any act or omission of the justice of the peace, with respect to the bond, undertaking or recognizance required by law to perfect such appeal. Anderson v. Haslett, 81 Kan. 532, 106 P. 296; Looper v. Houston, 174 Okl. 148, 49 P.2d 1062; National Furniture Co. v. Edwards, 105 Ga. 240, 31 S.E. 161; Holmes v. Second Judicial District Court, 58 Nev. 352, 80 P.2d 907, 117 A.L.R. 1382 and case note; Smith v. Ammen, 101 Ill.App. 144; Asch v. Wiley, 16 Neb. 41, 20 N.W. 21; Worley v. Easley, W. Va., 13 S.E.2d 158. See, also, Tipton v. Cordova, 1 N.M. 383, and Lea County State Bank v. McCaskey Register Co., 39 N.M. 454, 49 P.2d 577.

Anderson v. Haslett, supra, involves an attempted appeal from the judgment of a justice of the peace to the district court. The Kansas statute governing such appeals is somewhat similar to our own. The question at issue was whether the failure to have the bond approved within ten days following appeal invalidated the appeal. The court held that, under the circumstances, such failure did not have the effect claimed. Among other things, the court said:

"It is true, as appellees contend, that the statute contemplates that the bond shall be filed and approved within 10 days; but when the bond is filed it becomes the duty of the justice to approve or disapprove it. Ordinarily there is no reason for delay. And where the appellant has done all that is required of him, has presented a bond within the proper time, conditioned as provided

by law, with good and sufficient surety, he should not be deprived of his rights through any oversight or neglect of the justice in failing to approve the bond until after the time for an appeal has expired. * * *

"The point is made that something more is required of the party who appeals than merely to file a sufficient bond, that in order to perfect his appeal he must, within proper time, present the bond to the justice for approval; and it is claimed that the record shows that the bond was not presented to the judge for approval until after the 10 days had elapsed. Whatever may be the rule as to the effect of the mere filing of papers with the clerk of a court of record, manifestly any instrument, pleading, or paper that is filed with a justice must be regarded as presented to him when it is filed. In order that it be filed the justice must indorse it, and it becomes his duty to enter it upon his docket. If the instrument be an appeal bond, it is his duty at once to determine whether it is sufficient in form, and, unless there is some necessity for an inquiry as to the sufficiency of the surety, to approve or disapprove the bond."

The holding of the court in Asch v. Wiley, supra, as epitomized in the first paragraph of the syllabus, is applicable here. It reads: "Where an appeal is sought to be taken from the judgment of a county judge, and the appellant files his appeal bond in the proper amount, with two sureties, within the time required by law, the acceptance of such bond by the county judge, and spreading it upon the docket, is a sufficient approval of the bond, unless the party desiring to take the appeal is notified of the fact that the county judge refuses to approve the bond and sureties."

In Worley v. Easley, supra, a proceeding very much like the present one, the Supreme Court of West Virginia, in the syllabus prepared by it, said: "When an appeal bond, in proper form and penalty, is left at the office of a justice of the peace and the justice, by words and acts, evinces his approval thereof, all of which is within ten days of the date of judgment from which appeal is sought, there is an approval of the appeal bond. Acts of the justice subsequent to first approval disapproving appeal bond are ineffective."

Petitioner further contends that defendant's failure to file written answer in the case before the justice of the peace (such being required in a case of this kind as petitioner claims) placed defendant in default and left the district court without jurisdiction to entertain the appeal or to try or adjudicate any issue in the cause. Whether written answer be required before the justice of the peace and whether the defendant, having failed to file one there, was entitled to file one upon removal of the cause to the district court following appeal, as the district judge permitted her to do, all are matters within the jurisdiction of the district court to determine. If the questions be erroneously determined, the petitioner may present the rulings as error upon appeal to this court but not as grounds for prohibition at this time.

■ Even if, as petitioner claims, absence of a written answer before the justice of the peace put defendant in default and left the case open there only to hear the plaintiff's proof as on default, this would affect the power or jurisdiction of the justice of the peace in the first instance—not the appellate jurisdiction invested both by constitution and statute in the district court to entertain appeals from justice courts. In re Atchison, T. & S. F. Ry. Co.'s Taxes, 41 N.M. 9, 63 P.2d 345. This is true notwithstanding the fact that upon a trial de novo in the district court the latter would be bound to give to the absence of a written answer the same proper effect as the justice court.

■■ 1929 Comp., § 79-501, governing generally, provides that "any person aggrieved by any judgment rendered by any justice [of the peace], may appeal * * * to the district court of the county where the same was rendered * * *." This is held to extend the right of appeal to all cases including an appeal from a default judgment. Douthitt v. Bailey, 14 N.M. 530, 99 P. 342; Faggard & Co. v. Cunningham, 18 N.M. 510, 138 P. 264. The language of the statutes governing appeals in forcible entry and detainer cases is no less all embracing than that quoted above and would, therefore, cover an appeal from a default judgment as well as any other.

In the event of a subsequent appeal, we may have the opportunity to clarify our own decisions on the question whether written answer actually is necessary in a forcible entry and detainer proceeding. The case of Bell v. Beck, 43 N.M. 315, 92 P.2d 992, clearly intimates that 1929 Comp., § 54-106, requires a written answer or plea of some kind, whereas in the earlier case of Board of Education v. Astler, 21 N.M. 1, 151 P. 462, without noticing any distinction in this respect between an action of forcible entry and detainer and any other pending before a justice of the peace, we accepted as correct the contention of appellant that "pleadings are not required in the justice of the peace court to be in writing", having before us at the time an action in forcible entry and detainer.

In presenting its first challenge to the jurisdiction of the district court, already resolved adversely to the petitioner, the latter has chosen to rest its attack and the respondents to defend against it upon the somewhat narrow question whether the appeal had been perfected by approval of the bond tendered to the justice of the peace and filed by him in connection therewith. We have elected to settle the question on the single ground thus presented without deciding whether jurisdiction in the district court of the cause appealed may be rested on other and broader grounds.

It follows from what has been said that the alternative writ of prohibition heretofore ordered should be discharged as having been improvidently issued.

It is so ordered.

BRICE, C. J., and MABRY and BICK-LEY, JJ., concur.

ZINN, J., being absent, did not participate.