Fred HOERNER, d/b/a Hoerner Chevrolet, Plaintiff and Respondent,

v.

Clarence WAGNER, Defendant and Appellant.

No. 7901.

Supreme Court of North Dakota.

Oct. 3, 1960.

Greenwood & Swanson, Dickinson, for plaintiff and respondent.

George T. Dynes, Dickinson, for defendant and appellant.

TEIGEN, Justice.

The sole question raised by this appeal is whether the undertaking upon appeal from the justice to the district court must be formally approved by the clerk of the district court to which the appeal is taken to give the district court jurisdiction.

Judgment was entered against the defendant in justice court on January 12, 1960. Notice of appeal and undertaking were served on the attorney for the plaintiff as provided by Sections 33–1102 and 33–1107, NDRC 1943, on February 12, 1960. The notice of appeal and undertaking, together with proof of service thereof, were filed with the clerk of the district

court on February 13, 1960. On February 16, 1960, and during a regular term of the district court, the plaintiff-respondent moved orally to dismiss the appeal on the ground and for the reason that the undertaking had not been approved by the clerk of the district court as provided by Section 33–1108, NDRC 1943. The court granted the motion whereupon this appeal was taken.

The case was placed upon the calendar by the clerk of the district court. Upon the call of the case by the court, the plaintiff made his oral motion for dismissal. Before making the motion, however, the plaintiff called the clerk to the witness stand for the purpose of laying a foundation for the motion. The clerk in part testified as follows:

"Q. And does the original indicate when it was filed in your office? A. Filed February 13, 1960.

"Q. Were you called upon to approve or disapprove that bond or that undertaking? A. I don't see where I signed it. I filed it.

"Q. To your recollection, did you approve or disapprove that undertaking? A. I must have approved it.

"Q. And on what do you base that, Mrs. Derouin? A. Because it was filed."

The clerk also testified that she had held the office for 17 years, that she knew the sureties on the undertaking and knew of no reason for not approving it. The testimony disclosed that the clerk had not notified the justice to send up the record but had stated as a reason that the justice was absent. He was in Hawaii where it appeared he would be spending another three weeks. The clerk testified that upon his return, it was her intent to immediately notify him to send up the record in this and another case in which an appeal had been filed in her office.

There is only one question for our consideration. Can any effect be given the undertaking when it fails to disclose a formal approval by the clerk of the district court?

A similar situation arose in the case of Schulz v. Dahl, 21 N.D. 302, 130 N.W. 937, except in that case the notice to the justice to send up the record had been given by the clerk. In that case this court held that the notice given by the clerk to the justice, which can only be given in case the undertaking met with the approval of the clerk, is presumptive evidence of such approval, notwithstanding his failure to make his formal entry or endorsement of approval upon the undertaking.

We think this case is very analogous. The clerk filed the appeal, including the undertaking, and held herself in readiness to give notice to the justice to send up the record immediately upon his return from Hawaii. The plaintiff has not excepted to the sufficiency of the surety or the form of the undertaking presented, and there is no evidence to establish any objection to approval by the clerk.

This court held in the case of Eldridge v. Knight, 11 N.D. 552, 93 N.W. 860, that the service of the undertaking is to be made before approval and filing. In the case of Richardson v. Campbell, 9 N.D. 100, 81 N.W. 31, it was held that the service of the undertaking on appeal was an essential prerequisite to the transfer of jurisdiction from the justice court to the district court. In the case of Deardoff v. Thorstensen, 16 N.D. 355, 113 N.W. 616, this court held that the filing of an undertaking with the clerk of the district court within 30 days after the rendition of the judgment is a prerequisite to the transfer of jurisdiction to the district court. The doing of these acts within the time provided is incumbent on the appellant and failing to do them defeats his appeal. However, the duties of the appellant to perfect the appeal end there unless the clerk of the

district court refuses to act on or approve the undertaking.

Nowhere in our statutes is there provision for the form of approval of an undertaking by the clerk in a justice court appeal. The statute, Sec. 33–1108 of the NDRC of 1943, merely provides as follows:

"All undertakings required by this chapter shall be approved by and filed with the clerk of the district court to which the appeal is taken."

Section 33–1113 of the NDRC of 1943, provides the manner in which the respondent may challenge the sufficiency of the sureties. He is not without remedy if he has complaint.

The statute, Sec. 33–1108 cited above, provides the order in which the clerk is to perform his functions. It states that all undertakings "shall be approved by and filed with the clerk * * *." This procedure was followed by the clerk and is established by her testimony.

"Q. To your recollection, did you approve or disapprove that undertaking? A. I must have approved it.

"Q. And on what do you base that, Mrs. Derouin? A. Because it was filed."

It is conclusive from the testimony that the undertaking met with the approval of the clerk, notwithstanding her failure to make a formal entry or endorsement of approval thereon. Furthermore, the filing of the undertaking without objection gives rise to an inference of approval which has not been rebutted. This satisfied the statute, Schulz v. Dahl, supra.

"Approval will be presumed where the bond is received and filed without objection by the officer designated to approve it; approval need not be evidenced by a certificate or an endorsement on the bond." 4A C.J.S. Appeal and Error § 558. See also McDowell v. Taylor, 117 Col. 106, 184 P.2d 140;

Antrim v. Guyer & Calkins Co., 324 Ill.App. 641, 59 N.E.2d 316; State ex rel. Heron v. District Court of First Judicial District, 46 N.M. 290, 128 P.2d 451.

For the reasons aforesaid, the order and the judgment entered on the order by the district court is reversed and the cause is remanded for further proceedings.

SATHRE, C. J., and BURKE, MORRIS and STRUTZ, JJ., concur.