Manly, J.
 

 The question in this case is, whether the dismissal of the case in the Superior Court was matter of discretion in that Court, for if so, we cannot revise it in this.
 

 The appeal was taken at the December term of Davie County Court, 1858. The appeal, therefore, was to the Spring term of the Superior Court, 1859.
 

 The motion to dismiss, for defects in the appeal bond, was made at the Fall term, 1860. The plaintiff met the mo
 
 *265
 
 tion by an offer to put in such a bond as the Court might require. But the Court held the bond that had been given, void, and refused to accept another.
 

 "With regard to bonds, for appeals, the appellate court has an unquestioned right to require that the3r shall be in form, of sufficient amounts to cover the accumulating costs, and that there shall be responsible sureties to the same. And if, at any stage of a cause, a deficiency in any of these respects be discovered, it is in the power of the court to have them amended or renewed; and questions, as to the sufficiency of the bond, in respect to the amount, the solvency of the sureties, or, as to the occasion and time or manner of putting in another security, are purely matters of discretion. But there are boundaries to this discretion, and we take it, when a suit is permitted to go up to the superior court, with an insufficient bond, and to pass three terms of the court in that condition, the appellant has a right, upon a decision of the court against the bond, then and there to put in another, such as the Court may approve. To hold otherwise, would lead to absurdity.— Eor, if we suppose the objection to the bond to be on account of some technicality about which counsellers differ, or because the sureties have become insolvent, the first knowledge which appellant could have of the soundness of the objections, would be the judgment of the court declaring the same, and dismissing his suit. He would, therefore, be put out of court without laches or default on his part. The most stringent requirement in such case, would be to declare the insufficiency, and require a proper bond
 
 insta/nter.
 

 The plaintiff had a right to have such an opportunity tendered him.
 

 We think there was error, therefore, in refusing to accept the plaintiff’s bond when it was offered. The range of the Court’s discretion, in that particular, was transcended.
 

 The case may be presented in another point of view. In
 
 Wallace
 
 v.
 
 Corbit,
 
 4 Ired. Rep. 45, we find the principle established, that an appeal bond is not necessary to give jurisdiction to the appellate court; that such bond may be waived
 
 *266
 
 expressly or impliedly, and the court in such case, will proceed without it. The plaintiff, by putting in an instrument which he considered, and which was taken as, a bond, showed his purpose to prosecute the suit. Defendant acquiesces, and puts in pleas in the Superior Court, and it is afterwards continued at two terms. A peremptory dismission of the suit, it seems to us, is a violation of the rights of the parties under this waiver of the bond. It is a surprise which it would be highly unjust to permit — which cannot be done, as we think, except upon notice and opportunity offered the parties to put themselves, in respect to each other, upon their strict legal rights.
 

 With respect to the merits of this petition,, we express no opinion. What may be the respective interests of the parties in the land, and what the effect of an actual partition upon these interests, we leave to the consideration of the Court below, upon the proofs.
 

 There is error in the order of the Superior Court, .and it should, therefore, be reversed, and the Court should take' a proper bond for securing the defendants’ costs, and proceed in the cause according to the course of the Court. To this end the opinion will'be certified.
 

 Per Curiam,
 

 Judgment reversed.