Canavan v. Canavan, 18 N. M. 468.

[No. 1562, January 10, 1914.]

STEPHEN CANAVAN, et al., Plaintiffs in Error, v. KATE CANAVAN, Defendant in Error.

### SYLLABUS (BY THE COURT)

1. Under section 14, chapter 57, S. L. 1907, a cost bond is required, on appeal or writ of error, only for the protection of the appellee or defendant in error, and is not essential in order to confer jurisdiction upon this Court.

P. 470

2. Where a cost bond is required by statute, on appeal or writ of error, only for the protection of the adverse party, failure to give the same may be waived.

P. 471

3. A general appearance, without objecting to the failure to file a cost bond, operates as a waiver.

P. 472

Error to the District Court of Bernalillo County; Herbert F. Raynolds, District Judge; motion to dismiss writ of error denied.

CHARLES A. SPIESS, Las Vegas, N. M.; EDWARD A. MANN, BURKHART AND COORS, Albuquerque, N. M., for plaintiffs in error.

A. T. HANNETT, Gallup, N. M., and VIGIL & JAMISON, Albuquerque, N. M., for defendants in error.

### OPINION OF THE COURT.

ROBERTS, C. J.—The writ of error herein was sued out on the 11th day of March, 1913. On the 18th day of April, 1913, the attorneys for the defendant in error joined the attorneys for plaintiff in error in a stipulation, which was filed in this Court. The terms of the stipulation are not material to a decision of the question now before the Court. The fact that it was entered into and filed, however, is important, because thereby defendant in

error necessarily entered a general appearance in the cause, in this Court; such stipulation not being limited in this regard. On July 15, 1913, defendant in error moved to dismiss the cause, because of the failure of plaintiff in error to file a cost bond, as required by section 14, chapter 57, S. L. 1907, within the time specified. On Dec. 22, 1913, plaintiff in error filed an application for leave to file a cost bond, which was tendered with such application.

The question for determination is, whether the giving of a bond for costs was waived by the general appearance of defendant in error, after the default. If the giving of a bond for costs, within the time specified, is essentiaal in order to confer jurisdiction upon this Court to issue a writ of error, of course there would be no question but that such requirement could not be waived by the adverse party. On the other hand, if such a bond is merely for the protection of appellee or defendant in error, it could be waived. (By section 2, chapter 57, S. L. 1907, appeals are allowed by the District Court in which the judgment or decree was rendered.) Writs of error are issued by direction of the Supreme Court or any Justice thereof (Farmer's Development Co. v. Rayado Land & Irrigation Co., 134 Pac. 216, 18 N. M. 1.) Sec. 14, of said chap. 57, reads as follows:

"Whenever an appeal is taken to the Supreme Court or writ of error sued out, by any other party, than an executor or administrator, the Territory, county or other municipal corporation, and no bond for supersedeas is given as hereinafter provided, the appellant, or plaintiff in error, shall, within thirty days from the time of taking such appeal or suing out such writ of error, file with the district clerk, in cases of appeal, and with the clerk of the Supreme Court, in cases of writs of error, a bond with sufficient sureties qualified as in other cases, to the effect that the appellant or plaintiff in error shall pay all costs that may be adjudged against him on said appeal or writ of error, said bonds to be approved by the respective clerks, as supersedeas bonds are approved."

This section does not require the filing of the bond prior to the granting of the appeal by the District Court,

or the issuance of the writ of error by this Court, but such bond is to be filed within thirty days after taking such appeal or suing out the writ of error. The power of the District Court to grant the appeal is not dependent upon the filing of the bond, nor is the power of this Court to issue a writ of error withheld until the bond is filed. Many States have statutes, which require the filing of an appeal bond as a condition precedent to the allowance of an appeal. Under such statutes the trial court would not have power to grant an appeal, until the precedent steps had been taken. The court thus being without authority to act, could not by its order granting the appeal confer upon the appellate courts jurisdiction of the cause. One case will sufficiently illustrate the principle. The statutes of Missouri authorized appeals from the Probate to the Circuit Court. After providing for the filing of an appeal bond and an affidavit of merit, a section of the statute reads as follows: "After such affidavit and bond have been filed and approved, the appeal shall be granted," etc. In the case of Greene v. Castello, 35 Mo. App. 127, the Court held that the Circuit Court had no jurisdiction of a cause on appeal from the Probate Court, where the appeal had been granted without compliance with the requirements of the statute.

Under our statute, however, the filing of the bond within the specified time is not necessary to our jurisdiction. **1** It attaches upon the allowance of the appeal or the issuance of the writ of error. Other statutory requirements of course must be complied with in order to give the Court jurisdiction over the parties, but it acquires jurisdiction of the cause by the allowance of the appeal or issuance of the writ of error. Many steps are required of the appellant or plaintiff in error before he can bring the case to a hearing on the merits, and a failure on his part to comply with the statutory requirements, advantage being taken thereof by his adversary, may preclude a hearing on the merits and result in a dismissal of the appeal. For instance, he must file his assignments of error within a specified time, and if he fails to do so, and the appellee moves to dismiss before the default has been cured, the

motion will be granted. The failure to file such assignments of error, however, does not affect the jurisdiction of the Court. The statute also requires the issuance and service of citation upon the adverse party where a writ of error is sued out, but this requirement it has been held is waived by the voluntary appearance of the defendant in error. Dailey v. Foster, 128 Pac. 71. Under the provisions of our statute, an appeal bond is given solely for the protection of the appellee or defendant in error. It is not required for the protection of the officers of the District Court, as they are authorized by law to require the payment of their fees in advance in all civil cases, (sec. 1801, C. L. 1897; sec. 13, chap. 112, S. L. 1905) and in this Court the appellant or plaintiff in error is required to deposit the sum of $20.00 as advance costs, and such further sums as may from time to time be required. (Sec. 3, rule IV.) This being true, there would seem to be no good reason why the appellee or defendant in error could not waive the bond. And he does waive the default when he appears and interposes no objection to the irregularity. This holding, is, we think, consonant with the decisions of other Courts under similar statutes.

In the case of Thompson v. Lee, 28 Ala. 454, Justice Stone in discussing the question says:—

"The bond, or security for costs, required by section 3041 of the Code, was obviously intended to protect parties and the officers of the Court, against insolvent litigants. This legislative regulation is binding on us; and whenever the appeal bond or certificate is substantially defective, or entirely wanting, and the fact is in due time brought to our notice, we are bound to respond to the motion, and to repudiate the cause. While adjusting the rights of appellants, we must observe and guard the legal rights of all others interested in the record. But I hold that these mere property rights may be waived, without at all affecting the binding efficacy of our judgments. I hold, further, that when there has been joinder in error, arguments on the merits, or other act done which admits the case rightfully in this Court, the motion to dismiss for insufficient or defective appeal, comes too late."

And in the case of L. & N. R. R. Co. v. Lile, 154 Ala. 556, the same Court say:

"But if this be not true (speaking of a defective bond) in the absence of any appeal bond, the jurisdiction of this Court to review the judgment is clear and beyond controversy; and the failure of the appealing party to give such a bond is a mere irregularity, which the appellee may waive." To the same effect, see also Wilson v. Dean, 10 Ark. 308; Jester v. Hopper, 13 Ark. 43; Ross v. Tedder, 10 Ga. 426; March v. Griffith, 53 N. C. 264; Jones v. Henderson, 149 Ind. 458; Kehler v. Walls, 94 S. W. 760. (Mo. App.)

"The failure to file a bond may, of course, be waived by a joinder in error, by filing a brief, or by any similar act, but if the objection that no bond was filed is duly made, the conclusion must be that the appeal as in terms is ineffective." Elliott's Appellate Procedure, sec. 249.

And the same author, sec. 376, says:

"In the very great majority of cases an appearance without objecting to the failure to file a bond operates as a waiver."

When defendant in error signed the stipulation before mentioned, she recognized the case as pending in this Court, and thereby elected to waive the statutory requirement that a cost bond should be filed, for her benefit and protection. She had the right to move for the dismissal of the cause for such failure, but elected not to do so, and recognized the efficiency of the proceedings by which the appeal had been effected. After doing so it was too late for her to attempt to raise the question.

In the case of Farmers Development Co. v. Rayado Land & Irrigation Co., 134 Pac. 216, an excerpt is quoted from 1 Ency. Pl. & Pr. 966, which would imply that the giving of an appeal bond was essential to confer jurisdiction upon the appellate court. No such question, however, was involved in that case, as there was a failure to give the bond, which was taken advantage of promptly by a special appearance and a motion to dismiss. The question of waiver was not involved. The authorities cited in support of the proposition laid down in 1 Ency. Pl. & Pr., supra,

however, do not sustain the text, and only hold that acts required by law, to confer upon the District Court power to grant an appeal, are jurisdictional and must be strictly complied with, to vest the appellate court with power to entertain the appeal.

Many states have statutes which provide that, in order to render an appeal effectual for any purpose, undertaking on appeal shall be executed. In such states the courts uniformly hold that the giving of the bond cannot be waived by the parties. See, Marx v. Lewis, 24 Nev. 306; Hoffman v. Owens, 103 Pac. 414 (Nev.); Brown v. Chicago, Milwaukee & St. Paul Ry. Co., 10 S. D. 633.

As defendant in error does not question the right of plaintiff in error to file the tendered bond, in the event that she waived the failure to file the same within the time limited, by her appearance; nor the power of the Court to permit the filing of the bond after the expiration of the thirty days, plaintiff in error will be permitted to file the same.

For the reasons stated, the motion to dismiss the writ of error will be denied, and plaintiff in error will be given permission to file the tendered bond, and it is so ordered.