Mundy v. Irwin, 19 N. M. 170

Finding no error in the record, the judgment of the District Court is affirmed, and it is so ordered.

(No. 1638, June 15, 1914)

E. S. MUNDY, Appellee, vs. W. J. IRWIN, Appellant.

## SYLLABUS BY THE COURT.

1. A cost bond is required, on appeal or writ of error, only for the protection of the appellee or defendant in error, and is not essential in order to confer jurisdiction, and failure to give same may be cured by tendering and filing a bond before advantage of the failure to file same is taken by an adversary.

P. 172

2. A motion to dismiss the appeal, or for diminution of the record proper based upon failure to incorporate the opinion of the trial court in the transcript of record, will be overruled where it appears that the opinion has been incorporated into and made a part of the final decree, or judgment, which is included in the transcript of record.

P. 173

3. Without the certificate of the court or referee, required by Sec. 24, Chap. 57, S. L. 1907, the testimony cannot be considered as any part of the record for the purpose of having the same reviewed by this court, upon appeal or writ of error, without any bill of exceptions.

P. 174

4. Sec. 16 of Chap. 57, of the Session Laws of 1907, providing for a supersedeas or stay of execution upon any final judgment must be strictly complied with, and failure to file a sufficient bond within the sixty days limited by the act, will result in failure to stay the execution.

P. 175

Appeal from District Court, Chaves County; Merritt C.
Mechem, Presiding Judge. Motion denied.

HIRAM M. DOW AND ROBERT C. DOW, Roswell, N. M.,
for Appellee.

Motion to Dismiss Appeal. Sec. 14, Chap. 57, Sess. L.
1907; Chap. 57, Sec. 16, Sess. Acts 1907.

Failure to comply with any plain statutory requirement
with reference to undertaking on appeal, goes to court's
jurisdiction on subject and will necessitate dismissal. Sec.
14, Chap. 57, L. 1907; Spelling on New Trial & App.
Pr., Secs. 647, 661; 134 Pac. 216; 1 Ency. Pl. & Pr. 996;
15 Mich. 514; 18 Col. 241; 38 N. E. 625; 2 Cyc. 849;
Haynes New Trial & Appeal (Rev. Ed.), Vol. 2, Sec. 212.

Motion for Diminution of Record. 120 Pac. 309; Sec.
21, Chap. 57, L. 1907.

Motion for Diminution of Record Proper. Sec. 22,
Chap. 57, L. 1907; Rule 21 of Rules Supreme Court of
State of New Mexico.

### OPINION.

HANNA, J.—This appeal was taken July 28th, 1913.
On September 4th, 1913, what purported to be a super-
sedeas bond was filed, the condition of which undertaking
was as follows, to-wit:

"The condition of this application is such that if the
said W. J. Irwin shall prosecute his said appeal with due
diligence and shall pay all costs that may be adjudged
against him in case such appeal be dismissed or the de-
cision of the District Court be void; otherwise, to remain
in full force and effect."

The statutory requirement concerning bonds of this
character as set forth in Sec. 16, Chap. 57, S. L. 1907,
is that such bonds are to be conditioned upon payment of
the judgment as well as costs, and it is, therefore, clear
that this bond is insufficient as a supersedeas bond.

Appellee moves that this appeal be dismissed because
of failure to file a cost bond within the statutory period

of thirty days, and by appellant it is contended that should the undertaking referred to, be insufficient as a supersedeas bond, it is sufficient as a cost bond, and was filed before any advantage was taken of the failure to file same within the period of thirty days fixed by our statute. We agree with appellant's contention.

The so-called supersedeas bond is sufficient as a cost bond and was filed before advantage was taken of the failure to file within thirty days.

As announced by this court in the case of Canavan vs. Canavan, 138 Pac. 200, in an opinion by Chief, Justice Roberts:

"The filing of the bond is not necessary to our jurisdiction. It attaches upon the allowance of the appeal or the issuance of the writ of error. Other statutory requirements, of course, must be complied with in order to give the court jurisdiction over the parties, but it acquires jurisdiction of the cause by the allowance of the appeal or issuance of the writ of error. Many steps are required of the appellant or plaintiff in error before he can bring the case to a hearing on the merits, and a failure on his part to comply with the statutory requirements, advantage being taken thereof by his adversary, may preclude a hearing on the merits and result in a dismissal of the appeal."

This court is of the opinion that a cost bond is required on appeal or writ of error, only for the protection of the appellee or defendant in error, and is not essential in order to confer jurisdiction, and failure to give same may be cured by tendering and filing a bond before advantage of the failure to file same is taken by an adversary.

It further appears that a general appearance was entered in this cause without raising objection to the failure to file a cost bond, which, in itself, would necessitate the overruling of the motion to dismiss under the rule announced by this court in the Canavan case, *supra*.

As a second ground of appellee's motion to dismiss, it is urged that the opinion of the trial court, embodying

findings of fact and conclusions of law, has not been an-
nexed to, or transmitted with, the record in this cause, as.
required by Rule 21 of this court, and Sec. 22, Chap. 57,
of the Session Laws of 1907.  This alleged failure to in-
corporate the opinion of the trial court in the record is.
also made the basis of a motion, by appellee, for diminu-
tion of the record proper.

An examination of the record proper, however, discloses
that the opinion of the trial court was incorporated in
and made a part of the final decree in this cause and,
**2** therefore, appears in the record proper. It was not
the intent of the legislature in adopting Sec. 22, of
the Appellate Procedure Act, or the policy of this court
in adopting its Rule 21, to require parties to do a needless
or useless thing, and inasmuch as the opinion of the trial
court appears as a part of the record proper in this cause
in the final decree, we must overrule this second ground
of appellee's motion to dismiss, as well as the motion for
diminution of the record proper.

Appellee further moves to strike from the transcript
of record everything therein contained which is not a part
of the record proper, upon the ground that same has not
been properly certified by the court under Sec. 24, Chap.
57, S. L. 1907, the cause having been tried by the court
without a jury.

In this connection appellant moves for leave to correct
the transcript of record, among other things, by inserting
therein a certificate by the judge in conformity with the
provisions of Sec. 24, referred to.  Section 24 provides:

"In all actions tried without a jury the testimony taken
before a court or that taken by a referee, the transcribed
notes of the stenographer in such cases, properly certified
by the court or referee, and all motions, orders or deci-
sions made or entered in the progress of the trial of any
such action shall become and be a part of the record for
the purpose of having the cause reviewed by the supreme
court upon appeal or writ of error, without any bill of
exceptions."

It is, therefore, plain that without the certificate of

the court or referee, required by Sec. 24, Chap. 57,
**3** S. L. 1907, the testimony cannot be considered as any
part of the record for the purpose of having the same
reviewed by this court, upon appeal or writ of ' error,
without any bill of exceptions.    The Oliver Typewriter
Co. vs. Burtner & Ramsey, 17 N. M. 354; Fidelity Bldg.
etc. vs. Byrd, 154 Ind. 47, 55 N. E. 867; Ross vs. Berry,
16 N. M. 778, 120 Pac. 309.

The motion to strike that portion of the transcript not
included within the record proper, is therefore, sustained.

Appellant also seeks to amend the transcript of record
by filing a supersedeas bond in lieu of the one set out in
the transcript, so as to bind appellant to pay any judg-
ment rendered in this cause, as well as the costs. In sup-
port of his motion to correct or amend the transcript, ap-
pellant sets out that the omissions occurred through inad-
vertence and that he has moved to correct the same as soon
as the omissions were discovered, further asserting that no
prejudice can result to appellee by reason of the omis-
sions.

In the absence of a supersedeas bond appellee is entitled
to an execution for his money judgment, or the possession
of the land as the case may be and would, therefore, be
prejudiced by a denial of his rights in this respect.

Section 16 of the appellate procedure statute provides
as follows:

"There shall be no supersedeas or stay of execution upon
any final judgment or decision of any of the district courts
in which an appeal has been taken, or a writ of error sued
out unless such appellant or plaintiff in error shall, within
sixty days from the date of entry of such judgment or
decision, or some responsible person for him, execute a
bond to the adverse party in double the amount of such
judgment complained of, with sufficient sureties, to be
approved by the clerk of the district court, in case of ap-
peals and by the clerk of the supreme court in case of writ
of error, conditioned for the payment of such judgment,
and all the costs that may be adjudged against him in
case such appeal or writ of error be dismissed or the judg-

ment or decision of the district court be affirmed."

It is not within our province to enlarge the time, grant-
ed by this statute, within which the judgment may
**4** be superseded. Section 16 of Chapter 57 of the Ses-
sion Laws of 1907, providing for a supersedeas or stay
of execution upon any final judgment must be strictly.
complied with, and failure to file a sufficient bond within
the sixty days limited by the act, will result in failure to
stay the execution.

For the reasons indicated, the motion of appellant to
amend the transcript of record, in the two respects pointed
out, is denied.