(No. 1655, June 15, 1914)

J. M. PALMER, Plaintiff in Error, vs. FRANK B.
ALLEN, Defendant in Error.

### SYLLABUS BY THE COURT.

1. Where plaintiff in error fails to file a cost bond within
thirty days, after suing out such writ of error, as required
by Section 14, Chapter 57, S. L. 1907, and such default has
not been waived by defendant in error, the court will, upon
motion, dismiss the writ of error.

P. 176

Error to District Court, San Juan County, Edmund C.
Abbott, Presiding Judge. Dismissed.

J. M. PALMER AND PERKINS & MAIN, for Plaintiff in
Error.

Valuation. 70 Pac. 603; 105 U. S. 45; S. C. 26th Law
Ed. 125.

### SUPPLEMENTAL BRIEF OF PLAINTIFF.

Motion to Permit Plaintiff to File Cost Bond.        138
Pac. 200.

Palmer v. Allen, 19 N. M. 175

FRANK A. BURDICK, for Denfendant in Error.

Motion that writ of error issued be quashed and action dismissed. 136 Pac. 216; 24 Pac. 2.

### REPLY BRIEF OF PLAINTIFF.

Motion to quash writ. 94 Pac. 945; 124 Pac. 2.

### OPINION.

ROBERTS, C. J.—The writ of error herein was sued out on the 8th day of January, A. D. 1914. Plaintiff in error failed to file a cost bond within thirty days as required by Sec. 14, Chap. 57, S. L. 1907, and on February 17th, thereafter, defendant in error filed a motion to dismiss the action and quash the writ of error because plaintiff in error had failed to comply with the statute in that regard. Under the rule announced by this court in the case of Farmers' Development Co. vs. Rayado Land & Irrigation Co. 134 Pac. 216, and Canavan vs. Canavan, 138 Pac. 200, we are compelled to sustain the motion. In the Canavan case we held that the appellee or defendant in error could waive the giving of a cost bond, and that he does so where he appears and interposes no objection to the irregularity. In this case, however, there is no waiver, as defendant in error has never appeared for any purpose, except to ask a dismissal of the cause because no bond has been filed. Plaintiff in error argues that defendant in error, by asking that the writ of error be quashed, has appeared generally and to the merits.

1 There is no merit in this contention, because it is apparent that defendant was seeking to secure only the dismissal of the writ of error on the sole ground of plaintiff's failure to comply with the statutory requirement as to the giving of a cost bond.

For the reasons stated, the cause will be dismissed, and it is so ordered.