[No. 1897, June 27, 1916.]

JOHNSON v. NEW MEXICO FIRE BRICK CO.

### SYLLABUS BY THE COURT.

The requirement that a cost or supersedeas bond shall be filed in appeal cases within a certain time is not waived by an appellee where he seeks to take advantage of the irregularity at the first opportunity, but only in those cases where he first performs some act in this court which is consistent with a recognition of the regularity of the appeal.

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by W. J. Johnson against the New Mexico Fire Brick Company. From a judgment for defendant, plaintiff appeals. Dismissed.

MARRON & WOOD of Albuquerque, for appellant.

CATRON & CATRON of Santa Fé, for appellee.

Johnson v. New Mexico Fire Brick Co., 22 N. M. 124.

## OPINION OF THE COURT.

HANNA, J.—On January 21, 1916, the appellee, the New Mexico Fire Brick Company, filed in this court its motion to docket this cause, dismiss the appeal of appellant, and affirm the judgment of the trial court.    The basis of the motion is that the appellant failed to file a cost or supersedeas bond within 60 days from the date of the rendition of the judgment in said cause and the granting of the appeal therein.    The skeleton transcript, filed in this court by appellee, discloses that a final judgment was rendered in the cause in favor of appellee on November 11, 1915, and thereupon appellant was granted an appeal to this court, but that no cost or supersedeas bond has been filed in the office of the county clerk of Bernalillo county, and that more than 60 days have elapsed since the rendition of the judgment.

We have no rule or statute in this state governing the procedure taken by appellee, because of the appellant's failure to file the cost or supersedeas bond.    However, we have statutory provisions governing the filing of cost and supersedeas bonds on appeal.    Section 3 of chapter 77 of the Laws of 1915 provides, in effect, that, if the judgment is to be superseded and the execution stayed, a supersedeas bond must be filed, in appeal cases, with the county clerk, within 60 days from the date of the entry of the judgment or decision, except where the trial court grants an extension of time, which shall not exceed 30 days. This bond also partakes of the nature of a cost bond, in that one of its conditions is that it shall secure the payment of costs adjudged against the appellant.    Section 4485, Code 1915, has to do entirely with cost bonds, as such, and provides in effect that, where no supersedeas bond is given as provided by law, the appellant, in appeal cases, must within 30 days from the time of taking the appeal file with the county clerk a bond to secure the payment of the costs.    The first case involving this question in this court is that of Canavan v. Canavan, 18 N. M. 468, 138 Pac. 200, where the court held that a cost bond is required on appeal only for the protection of the appellee; that requiring the same to be filed may be waived; and

that a general appearance, without objecting to the failure to file the bond, operates as a waiver thereof. This is the first case wherein this court held that the giving of the bond for costs is not essential in order to confer jurisdiction upon this court, but that jurisdiction attaches upon the allowance of the appeal or writ of error. The doctrine announced in the case of Canavan v. Canavan, supra, was referred to and approved in the later case of Mundy v. Irwin, 19 N. M. 710, 141 Pac. 877. The latest case in this court, wherein the said doctrine was referred to, is that of Abeytia v. Spiegelberg, 20 N. M. 614, 151 Pac. 696. There the holding of the Canavan Case, supra, was again approved, and among other things the court said:

"It is also true that the court cannot hear said cause upon the merits until the transcript of record and assignment of errors have been filed, and the appellee has appeared or is in default; but the court, having jurisdiction of the cause and of the appellant, can entertain a motion by the appellee to docket and dismiss the appeal for failure of the appellant to file the cost bond within the time required by the statute."

The court then laid down the proper procedure to be followed for that purpose, saying:

"In order to invoke the jurisdiction of the court, appellee should present to the court a transcript of so much of the record of the trial court as is necessary to show that a final judgment was entered in the court below from which an appeal was taken, together with a certificate of the clerk of the district court that no cost bond had been filed, and move this court to docket the cause and dismiss the appeal."

At the oral argument of this case, appellant asserted that, subsequent to the expiration of the 60 days allowed for the filing of the supersedeas bond, he applied for and obtained from the trial court an extension of 30 days in which to file the supersedeas bond. He also produced a copy of the said bond and insisted that the error, if any, had been cured by that action. In view of the fact that there is nothing of record before this court showing that an extension of time for filing said bond was granted by the district court, and that the supersedeas bond was filed

within the time granted by the trial court, the point made by appellant is immaterial and not before us. It is therefore unnecessary to determine whether the extension of time granted by the trial court, if it was granted, must have been done at or prior to the expiration of the 60 days from the date of the entry of the judgment or decision of that court. Under the authorities heretofore cited, manifestly the appeal must be ·dismissed unless, as appellant argues, the appellee has waived the failure of appellant to give the supersedeas bond in the time required by the statute, because of the fact that appellee seeks an affirmation of the judgment of the trial court. Appellant argues that, as appellee seeks to have the judgment of the trial court affirmed, it thereby entered a general appearance in the cause and consequently waived the appellant's said failure. In 3 C. J., at page 1247 et seq., will be found a full discussion concerning general and special appearances, and from what is there stated, and supported by ample authority, it may be said, if the appearance implies a submission to the jurisdiction of the court, no matter to what extent the pleader may go in attempting to limit the appearance to one purpose only, it constitutes a general appearance. It is said that the test is the relief asked, and that, if the attack is upon a question not jurisdictional, then the appearance must necessarily be a general one. In the case at bar there can be no doubt that the appearance of appellee is general, and manifestly must be so in view of the fact that this court held, in the case of Canavan v. Canavan, and the cases approving it, cited supra, that the requirement of the statute as to giving these bonds has nothing whatever to do with the jurisdiction of this court in appeal cases, but is simply a provision made for the benefit and protection of the appellee. In other words, it seems clear that the procedure prescribed for taking advantage of the failure to give a cost or supersedeas bond necessarily contemplates that the appellee enters a general appearance in this court, for the attack made by him concerns a non-jurisdictional question. In the Canavan Case, this court said:

"This being true, there would seem to be no good reason why the appellee, or defendant in error, could not waive the bond; and he does waive the default when he appears and interposes no objection to the irregularity."

From the citation of authorities appearing in the opinion of this court in that case, it is apparent that the waiver does not take place where the appellee founds his right, whether he asks for a dismissal of the appeal or an affirmation of ʼthe judgment, on the insufficiency of the appeal or its irregularity. It is only when appellee first performs some act in this court which is consistent with a recognition of the regularity of the appeal, and then subsequently attacks the regularity of the appeal, that the doctrine is applicable.

But in this case the doctrine has no application, for appellee, at its earliest opportunity, sought to take advantage of the irregularity of the appeal, and the fact that it asked this court to affirm the judgment of the trial court is entirely without materiality, because this court has no power, under the circumstances of this case, to do anything other than dismiss the appeal.

Therefore, the motion to dismiss the appeal, made by appellee, will be granted, and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.