[No. 2241, July 2, 1918.]
HERNANDEZ v. ROBERTS et al.

SYLLABUS BY THE COURT.

Section 15, chapter 43, Laws 1917, interpreted and *held* to
have the effect of abating an appeal or writ of error where
no cost bond is filed within the time required by the statute.

Appeal from District Court, McKinley County; Ray-
nolds, Judge.

Action by Camilio Hernandez against R. L. Roberts
and others. From a judgment dismissing the complaint

on defendants' motion, plaintiff appeals.    Appeal dismissed.

A. T. HANNETT, of Gallup, for appellant.

WILSON & WALTON, of Silver City, and H. C. DENNY, of Gallup, for appellees.

### OPINION OF THE COURT.

PARKER, J.   Appellant brought suit in the district court of McKinley county against appellees for damages for an alleged unlawful deportation of himself from the town of Gallup during some labor disturbances in and about the coal mines in that district.   Upon motion filed by counsel for appellees certain portions of the complaint were stricken and appellant was given ten days within which to plead further.   Appellant electing to stand upon his complaint and failing to file an amended complaint within the time allowed, upon motion of counsel for appellees, the said complaint was dismissed, from which judgment this appeal is taken to this court.   Appellees moved, in this court, to dismiss the appeal upon the ground that appellant failed to file, seasonably, a bond for costs as required by section 15 of chapter 43 of the session laws of 1917.   That section requires the filing of a cost bond within 30 days from the time of taking an appeal or suing out a writ of error, and provides:

"In case the appellant or plaintiff in error shall fail to file a cost bond as herein provided the appeal or writ of error, as the case may be, shall fail."

Section 15 of chapter 43, Laws 1917, is an exact re-enactment of section 4483, Code 1915, with the addition of the provision above quoted.   The section as originally appearing in the Code of 1915 has been before the court for interpretation in three cases.   In Farmer's Development Co. v. Rayado Land & Irrigation Co., 18 N. M. 138, 134 Pac. 216, we held that this section auth-

orized the dismissal of the appeal upon motion made prior to the filing of the bond. In Canavan v. Canavan, 18 N. M. 468, 138 Pac. 200, we held that this section provided for a cost bond, and that said bond was merely for the protection of the appellee, and that failure to file such bond within the time required did not deprive this court of jurisdiction of the cause. We further held that failure to file a cost bond was waived by a general appearance of the appellee. In Mundy v. Irwin, 19 N. M. 170, 141 Pac. 877, we held that the giving of such bond was not essential in order to confer jurisdiction upon this court, and that failure to give the same might be cured by tendering and filing a bond before advantage of the failure had been taken by the adversary. We also held that a general appearance waived the right to make objection to the failure to file the bond. These decisions were all rendered before the passage of the act of 1917, above referred to, and, as the statute then stood, they were undoubtedly correct. The act of 1917, however, brings an entirely new feature into the subject. It provides that in case of failure to file the bond the appeal or writ of error shall fail. Here is an express statutory declaration that the consequences of failing to file a cost bond within the time required shall operate to abate the appeal or writ of error. This court is deprived of jurisdiction to hear and determine the cause in case of failure to file the bond, and this consequence is not to be avoided by either waiver or consent of the opposite party. It is a provision evidently intended by the legislature to abate all causes brought into this court in which these requirements have not been complied with.

It follows that the motion to dismiss the appeal is to be sustained, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.