128 P.2d 454

STATE ex rel. HERON v. DISTRICT COURT OF FIRST JUDICIAL DIST. WITHIN AND FOR RIO ARRIBA COUNTY et al.

No. 4717.

Supreme Court of New Mexico.

Aug. 12, 1942.

Kenneth A. Heron, of Chama, for petitioner.

Reed Holloman, of Santa Fe, for respondent.

SADLER, Justice.

The petitioner seeks prohibition against the district court of the first judicial district and the judge thereof. As a basis for the relief prayed he alleges the respondents as such district court and judge, respectively, are about to proceed in the trial of a forcible entry and detainer action pretendedly removed into the district court on appeal from a judgment of the justice of the peace of precinct No. 17 of Rio Arriba County; that for reasons set forth in his petition the respondents are without jurisdiction and should be restrained. The particular action mentioned bears Docket No. 3818 on the civil docket of the district court of Rio Arriba County. Petitioner herein appears as plaintiff and Hayden and D. H. Gaylor as defendants.

Upon the filing and presentation of the petition herein, we directed service on respondents of an order to show cause why an alternative writ should not be issued as prayed. The matter is before us on the rule to show cause. The parties have agreed, however, that we may consider the case as if on final hearing and may direct issuance of a permanent writ at this time if we conclude the district court is without jurisdiction to proceed. Since the right to prohibition may rest upon no other conclusion than a want of jurisdiction in the district court, its presence is fatal to the relief sought.

The facts are not in dispute. The petitioner as plaintiff before the justice of the peace of precinct No. 17 of Rio Arriba County sued Hayden Gaylor and D. H. Gaylor in forcible entry and detainer and recovered judgment by default. The judgment was one of ouster and for damages in the sum of $150 plus $2 per day for each day the premises were detained after date of judgment. Thereupon and on the date of the judgment, the defendants prayed and were allowed an appeal to the district court with appeal bond fixed at the penal sum of $700. Having tendered a good and sufficient appeal bond which the justice of the peace declined to approve,

the defendants made timely application before the district clerk of Rio Arriba County to secure an appeal under the provisions of 1929 Comp., § 79-508, by filing the statutory affidavit therefor. The district clerk required bond in accordance with the statute and issued the writ therein called for commanding the justice of the peace to transmit the original papers and a complete transcript of all proceedings in the case to the district court. The latter complied with the mandate of the writ and the cause was docketed in the district court as an appeal entitled as already indicated.

It is conceded by the parties that the proceedings related as having taken place before the district clerk of Rio Arriba County were conducted before Iola Yashvin as deputy district clerk of said county at the office occupied by her as district clerk of Santa Fe County in the county court house in the City of Santa Fe in Santa Fe County, New Mexico. Wherefore, the petitioner says the district court of Rio Arriba County is without jurisdiction of this appeal.

The petitioner also points out that the appeal bond filed with the district clerk as aforesaid is fatally defective in the several particulars noted below, to-wit:

(a) It pretends to be an undertaking on appeal to a court having no jurisdiction by reciting by way of inducement that "defendants are aggrieved by said judgment so rendered and have appealed said cause to the District Clerk of said County and State".

(b) It is not conditioned as bonds on appeal from judgments in forcible entry and detainer are required to be conditioned in that the obligors limit their undertaking to the payment of "any amount charged against them" within the penalty of the bond, thus failing to contain a condition that defendants will "comply with the judgment of the district court".

(c) It fails to indicate or describe the judgment appealed from.

(d) Its execution is not acknowledged.

(e) It is not in an amount sufficient to stay the judgment of the justice of the peace.

(f) It fails to bear the approval of the district clerk of Rio Arriba County in that, overlooking the nullity of the official acts performed outside Rio Arriba County by Iola Yashvin as deputy district clerk of Rio Arriba County, the approval of a bond is a judicial or quasi-judicial act and could not have been performed by a deputy even though within such county.

Wherefore, says the petitioner, the district court is without jurisdiction to proceed.

Finally, and as another and additional ground for issuance of the writ, the petitioner asserts that where a defendant, having been regularly summoned to appear and answer a complaint in forcible entry and detainer, fails to appear and file written answer and permits default to be entered against him, there is no issue for trial, the allegations of the complaint must

be accepted as true and the district court is without jurisdiction to do other than proceed as on default in accordance with 1929 Comp., § 79-401, and render judgment for the plaintiff.

As to the objection last urged to jurisdiction in the district court, viz., that failure to appear or personal appearance alone without a written answer puts defendant in default and denies the district court jurisdiction to entertain the appeal, it is perhaps enough to point out that the contention already has been ruled against the petitioner in State ex rel. Heron v. District Court of First Judicial District, 46 N.M. 290, 128 P.2d 451, this day decided. The correctness of the conclusion there drawn is emphasized by the observation that, if as petitioner agrees, the justice of the peace would have jurisdiction to proceed under 1929 Comp., § 79-401, and "hear the proofs of the party present, and render judgment thereon", as on default, then the district court, invested with the same jurisdiction, could do likewise and, of course, could render whatever judgment the proofs called for, conceivably a judgment against the plaintiff. The plaintiff's right, if he possesses the right claimed, to have such proof presented in defendant's absence, does not touch the district court's jurisdiction to hear it with defendant present and participating even if erroneously permitted to appear on his appeal from a default judgment rendered by the justice of the peace. That an appeal does lie from a default judgment is abundantly sustained by the opinion in State ex rel. Heron v. District Court of First Judicial District, supra, and cases there cited.

As to the remaining objections interposed by petitioner to jurisdiction in the district court, some present rather intriguing questions. For instance, it is said the bond fails to contain a condition that defendant will "comply with the judgment of the district court", being conditioned instead merely to pay "any amount charged against them". In urging the missing condition as an essential one in appeal bonds of the kind involved, the petitioner does not claim it is required by any statute which may govern the form of the bond on such appeals, viz., 1929 Comp., §§ 54-115, 54-116, touching appeals in forcible entry and detainer; § 79-501, governing justice of the peace appeals in the ordinary form; or, § 79-508, relating to appeals sued out before the district clerk. It is rather to be found set forth in 1929 Comp., § 105-2513, as a condition to be incorporated in the form of supersedeas bond prescribed on appeals to the supreme court from judgments of the district court where the recovery is other than a fixed amount of money.

Actually, under any view taken of the various requirements touching conditions of the bond which may apply in this case, nothing more seems necessary than that it be in the statutory amount and employ language sufficient to make it operate as a supersedeas. § 79-501, governing such appeals in ordinary form prescribes that it shall be "in a sum sufficient to secure such judgment and costs". Sec-

tion 79-508, relating to appeals sued out before the district clerk, directs him to take a bond "in a sum sufficient to secure the performance of such judgment and the payment of any further damages and costs which may accrue." Section 54-115, dealing specially with actions in forcible entry and detainer, authorizes appeals "to be taken in the same manner as appeals are required to be taken from the decisions of justices of the peace", and further provides that "the bond shall operate as a supersedeas," etc. Section 54-116, also dealing with appeals from judgments in forcible entry and detainer, provides for "a good and sufficient appeal bond, in a sum to be fixed by the justice trying the cause, conditioned according to law". It seems too plain for argument that "the bond" referred to in § 54-115 is the one required either by § 79-501 or by § 79-508, relating to appeals generally from judgments of a justice of the peace to the district court, dependent upon which remedy by appeal is being availed of. The condition of the bond under either section is substantially the same. It seems equally certain that when in § 54-116, the legislature provided that the appeal bond in forcible entry and detainer cases should be "conditioned according to law", it had in mind the conditions specified in § 79-501 or § 79-508, whichever was being employed at the time to secure an appeal.

The interesting question arises, but for reasons presently to be stated need not here be answered, whether a bond in double the amount of the judgment, as here, conditioned to pay "any amount charged against" defendants and operating as a supersedeas, does not constitute substantial compliance with the provisions of either § 79-501 or § 79-508, or both of them, as to form. But this question, indeed, it and all others raised by petitioner in support of his claim to the relief of prohibition, are such as call for the exercise of judicial discretion by a court having jurisdiction. The district courts possess that jurisdiction as we previously have held on facts quite similar.

In Gilmore v. District Court of Fifth Judicial District, 35 N.M. 157, 291 P. 295, 297, we had before us a case very much like the one at bar. Prohibition was sought because the district court was about to proceed in the trial de novo of an appeal from the probate court to the district court after overruling a motion to dismiss the appeal on seven separate and distinct grounds, each of which was claimed to be jurisdictional. We re-examined all previous decisions of this court involving the writ of prohibition decided up to that time and found the law to be as stated in the following language of our opinion, to-wit:

"We thus find that the rule laid down in the Medler case [State v. Medler, 17 N.M. 644, 131 P. 976, Ann.Cas.1915B, 1141] has been modified by adding thereto jurisdiction over the person, where the same is necessary, and the rule now in force may well be stated as follows:

"If the inferior court or tribunal has jurisdiction of both the subject matter and of the person where necessary, the writ of prohibition will not issue, but lacking such jurisdiction the writ will issue as a matter of right."

In meeting the identical contention urged upon us by petitioner here, we also said:

"But relator strongly contends that strict compliance with the appellate procedure provided by law is an absolute prerequisite to acquisition of jurisdiction by the district court and then enumerates several alleged defects in the perfecting of the appeal, as heretofore indicated.

"Relator overlooks the fact that our Constitution grants an appeal from the probate court to the district court, as a matter of right, and that district courts are by the Constitution given jurisdiction and do not acquire same by virtue of section 34—420, Comp.1929, and other statutes in pari materia, which are procedural. Undoubtedly the Legislature may prescribe reasonable appellate procedure, but it cannot thereby curtail the jurisdiction of the district court. The questions raised by relator are procedural and not jurisdictional. They are questions which required the exercise of judicial discretion by a court having jurisdiction."

The language just quoted may merit some clarification. Although strongly affirming jurisdiction in the district court under Const. Art. 6, §§ 13 and 27 of the subject matter of appeals from probate and justice courts, it was not meant by this language of the opinion in the Gilmore case to hold the legislature powerless to enact reasonable procedural requirements regulating the same, non-compliance with which would operate to defeat the relief sought by appeal. Cf. Crabtree v. Board of Com'rs of Socorro County, 37 N.M. 80, 18 P.2d 657. On the other hand, neither was it intended by such language to hold that the constitutional grant to district courts of jurisdiction over the subject matter of such appeals would leave the district court invested with jurisiction to entertain an appeal not asked for within the statutory time or one in which no bond at all had been filed, if bond has been declared, as in New Mexico in the case of justice court appeals, a statutory condition of the right thereto.

█ These questions are not here for decision now and will be dealt with when they do arise. It suffices to say that they are not foreclosed by the decision in the Gilmore case. It is pertinent to remark, however, that where the question is simply one whether the bond filed was properly executed, justified, acknowledged or approved; whether it is in the proper amount and conditioned as required by law; whether the appeal was docketed in time; or whether compliance with certain other procedural requirements was full and complete or substantially so—all are questions which call for the exercise of judicial discretion by a court having jurisdiction. We intended by the Gilmore case to hold, and we now hold that under the broad grant of jurisdiction of the subject matter of such

appeals contained in Const., Art. 6, §§ 13 and 27, district courts are competent to determine procedural questions of the kind enumerated.

Speaking in State ex rel. St. Louis, Rocky Mountain, & Pacific Co. v. District Court of Eighth Judicial District, 38 N.M. 451, 34 P.2d 1098, 1099, of our right to issue the writ of prohibition, we said: "Here (on prohibition in the Supreme Court) the test of jurisdiction is not the right or authority to render a particular judgment; it is the right or authority to render any judgment."

We think it fair to say of our decisions on the question when to prohibit, in line with what has just been quoted from State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court of Eighth Judicial District, supra, that if, absent prohibition in the given case, the judgment therein rendered, unless reversed for error on direct review, would be binding on the parties and not subject to collateral attack as a mere nullity, then prohibition will not lie; otherwise it will.

We may illustrate by an application of this test to the present case. Suppose, for instance, that instead of seeking prohibition at this stage of the case, the petitioner had gone to trial and, with or without having urged the same defects in the appeal claimed here, had suffered final judgment against him. No appeal is applied for and the judgment passes beyond the pale of a direct review. Is the judgment thus rendered a mere nullity which the defendant may attack collaterally at will? An affirmative answer to the question establishes the right to prohibition; a negative response denies it.

We entertain no doubt that had the petitioner proceeded to trial below and suffered an adverse judgment, he would have been bound by the same in the absence of securing relief therefrom on a review by appeal or writ of error. Being so persuaded, the right to prohibition is denied and the rule to show cause why an alternative writ should not issue will be discharged.

It is so ordered.

BRICE, C. J., and MABRY and BICKLEY, JJ., concur.

ZINN, J., being absent, did not participate.