157 P.2d 239

**HERON v. GAYLOR.**

No. 4812.

Supreme Court of New Mexico.

Feb. 7, 1945.

Rehearing Denied April 3, 1945.

Kenneth A. Heron, of Chama, pro se.

Reed Holloman, of Santa Fe, for appellee.

MABRY, Justice.

This is a proceeding in forcible entry and detainer. Plaintiff-appellant Heron (hereinafter to be referred to as plaintiff) secured judgment against defendant-appellee (hereinafter to be referred to as defendant) Gaylor in the Justice of the Peace Court of Precinct No. 17, Rio Arriba County. Defendant appealed to the District Court of the First Judicial District where upon final hearing he secured a dismissal of the suit. From the judgment dismissing plaintiff appeals.

The assignments of error are argued under three points, to-wit:

Point I: The writ staying proceedings in the Justice of the Peace Court was absolutely void for the reason that it was not

issued by the statutory authority, and as a consequence there was no appeal to the District Court.

Point II: The original appeal bond of the defendant was not such a "bond" as is required by the statutes in cases of appeals from the Justice of the Peace Court to the District Court, was absolutely void as an appeal bond, and did not effectuate the appeal.

Point III: The District Court erred in making and entering its order of May 11, 1942, in which the Court overruled, denied and dismissed plaintiff's motion for dismissal of appeal and for judgment, which said motion was filed in the cause on December 29, 1939.

The complaint charged that on the 25th day of July, 1938, plaintiff was lawfully possessed of certain real property in said precinct and county and that on said date the defendant unlawfully entered into and upon the said land against the will and without the consent of the plaintiff, and refused to vacate after notice by plaintiff; that plaintiff was damaged to date of filing of complaint in the sum of $175 and in the further sum of $2 per day during the period the premises were so unlawfully detained by defendant. The trial court, on hearing upon the merits, found against the contention of plaintiff, specifically finding that defendant was not in fact in possession of the property "at the time of the commencement of this suit, or at any time thereafter," and dismissed the suit at the cost of plaintiff.

Plaintiff, upon this appeal, does not attack the substantiality of the evidence to support the findings in this respect. His attack is based upon the wholly technical grounds above set forth. This case is a continuation of the litigation and involves at least some of the questions raised in a former proceeding. State ex rel Heron v. District Court, etc., 46 N.M. 296, 128 P.2d 454, to which reference is here made.

We first note the question raised under Point I. Can it be said that plaintiff appeared generally and submitted himself to the jurisdiction of the district court and has thus waived any question which might otherwise have been raised as to whether the district court had jurisdiction to entertain the appeal because of the manner or method of bringing up the proceedings for trial de novo in the district court? Plaintiff, in his reply brief, states that in view of this court's decision upon the previous proceeding above noticed he "has not questioned the jurisdiction of the district court in the instant case"; that he here proposes only to assert the right to rely upon the "errors and irregularities committed by the District Court." Under this point the right of one Iola Yashvin, acting as clerk of the district court for Rio Arriba County, or as deputy clerk, under appointment of the District Judge of the First Judicial District, as distinguished from an appointment by the county clerk, is challenged as one of the principal irregularities. The acts on her part here involved were all prior to the effective date of Chapter 150 of the Laws

of 1939, authorizing the district courts to appoint their own clerks. If this act had been in force and effect at the time, the question could not have arisen. It was Mrs. Yashvin who directed the writ to the Justice of the Peace requiring that the papers in the proceedings be sent up to the district court and who approved the bond required by 1941 Comp. Sec. 38-1819. Whether the justice of the peace acted upon such citation, or, after reflecting upon the statutory penalty that might follow in case he wrongfully refused to allow an appeal, allowed the appeal of his own motion and sent up the transcript upon the assumption that the bond tendered was sufficient, the record does not disclose. The transcript was, in fact, sent up and the appeal docketed within the time allowed the justice of the peace to act of his own motion. Numerous motions to dismiss were filed by plaintiff early in the proceedings but such motions were not acted upon for more than a year after they were filed. And when action was taken by the court overruling such motions it appears that plaintiff had theretofore, and on September 21, 1939, interposed a new motion for an additional appeal bond and security, and in such motion he expressly recognized that an appeal had been taken and was then pending, and, contends defendant, he thus waived any right he has to further urge error as to the proceedings by which the case was brought into the district court, or as to the form and sufficiency of the first appeal bond, which was a prerequisite to the perfection of the appeal. Plaintiff says in his motion for additional bond filed on September 21, 1939, that the cause is before the court "on appeal from the judgment of the Justice of the Peace Court of Precinct 17," etc., and asks for the additional bond in the sum of $1500 (which was in fact granted in the sum of $750 in response to the motion and upon hearing) because of the damages which plaintiff estimates would arise if his contention be eventually sustained because of the long delay before the matter could be finally heard by the district court.

Likewise, a motion to dismiss following immediately the filing of such additional bond was based not upon any lack of jurisdiction on the part of the district court to require a bond or to move at all—jurisdiction had theretofore been recognized in this and the other motion—but the motion to dismiss challenged the additional bond given as not being "the bond required by the order of the court herein entered on the 13th day of December, for the following reasons * * *." Defendant urges that we need not, and should not, look back of such general appearance to determine what, if any, irregularities could have otherwise been relied upon. Any attack, he says, which could here be made upon the bond given would be directed only to the additional, or second, bond, that one given on December 26, 1939, in obedience to the order of the court of December 23rd so directing; that all irregularities and informalities touching the appeal to, or the com-

mencement of action in, the district court are waived under the circumstances of this case.

It is suggested (but not decided) that jurisdiction in the district court to entertain such appeals from the justice of the peace rests not only upon the fact of an appeal being taken, but also upon the further condition, that the statutory bond be filed as required by 1941 Comp. Sec. 38-1801. Cf. State ex rel. Heron v. District Court, 46 N.M. 296, 128 P.2d 454. Even conceding the correctness of this claim, it must be presumed by reason of the trial court's retention of jurisdiction and in support of its judgment, absent an affirmative showing in the record to the contrary, that it found a good and sufficient bond had been tendered in connection with the appeal prayed for and allowed by the justice of the peace. It was an essential allegation of the petition under 1941 Comp. Sec. 38-1819 to have the justice of the peace certify up the original papers and a complete transcript of the proceedings in said cause, following a wrongful refusal to allow an appeal, that a good and sufficient bond had been tendered to him in connection with the application for such appeal.

The bond tendered in connection with such appeal does not appear in the record before us but, as already indicated, upon no other hypothesis than a finding that a statutory bond was tendered could the trial court have upheld the proceedings under section 38-1819 for bringing up the record as on an appeal wrongfully refused.

Mrs. Yashvin had acted over a period of some two years under authority of her now challenged appointment as deputy clerk of Rio Arriba county; and the bench and the bar had always recognized her as such deputy clerk. Moreover, the county clerk for whom she proposed to act as deputy had permitted her to employ in her office the seal of the court and a complete docket of causes sent up to, or arising in, the district court in and for Rio Arriba county; and, during all this time she had, without any objection from the clerk, we must assume, signed or employed the name of the county clerk upon all summonses, writs and other papers relating to district court matters of said county, under which she signed as his deputy, as in this case.

We will, under the circumstances, hold that Mrs. Yashvin was a de facto clerk, at least, and that she had authority to so act by appointment presumed to come from the county clerk, who, of course, had the power to designate deputies. To hold otherwise would present an intolerable situation, one where jurisdiction to act in hundreds of cases filed in the office of the clerk and touching which summonses and writs have issued during the time in question might be successfully challenged.

The circumstances of Mrs. Yashvin's occupancy of the office clearly affords color of title, or color of right, or authority, one of the three essentials to a de facto status. State v. Blancett, 24 N.M. 433, 174 P. 207. If, indeed, color of title, or right, may not

as well rest on the designation by the district judge, who should have "caused" a deputy to be appointed by the county clerk (Sec. 34-315, Comp.1929) rather than to directly appoint, certainly it finds support in the circumstances of long possession of the office and her unquestioned exercise of authority therein, obviously with the knowledge and consent of the county clerk himself. See Constantineau on The De Facto Doctrine, Sec. 82, 84, 85; Mechem on Public Officers, Sec. 317; Waite v. City of Santa Cruz, 184 U.S. 302, 22 S.Ct. 327, 46 L.Ed. 552; Smith v. Meador, 74 Ga. 416, 58 Am.Rep. 438; 43 Am.Jur. 470 and 471; 46 C.J. 1058, Sec. 373.

■ We do not understand this language to require the keeping at all times of the records required of the clerks of the district courts "in" the county for which the clerk purports to act. We know that it has been the practice since statehood in some of the judicial districts of the state for the district judge to "cause deputy district clerks to be appointed" (Sec. 34-315, Comp.1929) by the county clerks of the counties for which the deputies act, and the records have been kept at the seat of the court for the district. We appraise the language "in" as being equivalent to "for" each county. If the convenience of litigants, the court, and bar might require the court records be kept at the seat of the court, we are unable to say that the constitutional provision above quoted would be an obstacle.

We would hesitate to give to the word "in" the restricted meaning appellant contends for, if for no other reason that to so restrict would, as heretofore shown under another point, without any beneficial effect whatsoever, afford a challenge to the legality of hundreds of matters heretofore handled by such deputy clerks outside of the particular county for which they acted.

That the practice over the years of keeping the court records at the seat of the court rather than at the county seat of each county of a judicial district has proved advantageous is reflected in the enactment of Chap. 150, Laws of 1939. This act authorizes the district judges themselves to appoint clerks of their respective courts, expressly authorizing the maintenance of such office in any one or more of the counties of the district. Theretofore, the district judge had authority only to "cause deputy clerks to be appointed," the actual appointive power residing in the county clerk himself.

■ We examine this additional bond, and the questions raised as to its sufficiency to determine whether the appeal should have been dismissed as plaintiff urged in his motion of December 29, 1939 because of the alleged defects therein upon which he relied for dismissal. While this additional bond so required by the court on December 23rd was not filed within the ten days as specified by statute, but on the thirteenth day rather, the question of whether such additional bond was so filed in time will not be considered by us since the point was not re-

lied upon nor presented to the trial court by plaintiff in his motion to dismiss first presented soon after the giving of such additional bond, although it is vigorously urged by plaintiff in his brief. On the question of delays in filing, or the absence of, bonds on appeal to this court, see: Mundy v. Irwin, 19 N.M. 170, 141 P. 877; Cook v. Mills Ranch-Resort Co., 31 N.M. 514, 247 P. 826; Johnson v. New Mexico Fire Brick Co., 22 N.M. 124, 158 P. 796; Hernandez v. Roberts, 24 N.M. 253, 173 P. 1034, citing Canavan v. Canavan, 18 N.M. 468, 138 P. 200.

 The motion to dismiss went entirely to other alleged imperfections in the bond to be hereinafter noticed, viz: (1) that the order of court requiring the bond was not recited therein; (2) that said bond is not conditioned so as to conform to the order of court requiring it; (3) that it contains no description or reference by which it can be construed as being the additional bond required as distinguished from some other bond and (4) that one or more of the sureties on said bond do not own sufficient property to secure performance thereunder. This additional, or new, bond, so required, was approved by the court, and the motion to dismiss because of such alleged deficiencies was overruled. Whether plaintiff might have been entitled to some modification, or correction, of the bond if, for any reason, it was in fact indefinite in some such respects, or, for the reason that the sureties thereon afforded insufficient security, we express no opinion. His attack here must rest upon the sole ground that the document is no bond within the meaning of the statute, which would be in support of his contention that jurisdiction is lacking.

 Whether the bond, as to form, may be cited as an example of expert legal draftsmanship, we need not say. We do say that it was in sufficient compliance with the statute to constitute a bond within its contemplation. It could not be successfully contended, we think, that had plaintiff prevailed upon appeal either principal or his sureties could have escaped liability upon the ground that the bond was not sufficiently definite or intelligible to support a judgment.

For example: Plaintiff questions the sufficiency of the condition of the bond because the statute requires the appeal under the forcible entry and detainer act (1941 Comp. Sec. 38-1819) to execute and deliver "a bond in a sum sufficient to secure the performance of such judgment and the payment of any further damages and costs which may accrue", etc. While the condition of the bond in question is not in the identical language of the statute we hold it to be in sufficient compliance therewith. It was conditioned in the ordinary form, to "prosecute said appeal with diligence and effect and shall pay any amount charged against them, then this bond shall be null and void; otherwise to remain in full force and effect." The bond is signed by the parties principal and sureties, and the sure-

ties each qualifies, under oath, by showing his respective worth over and above his debts and exemptions so as to show on the face of the statement of qualification the ownership of ample property to at least secure the approval of the district court. While the better practice would be to acknowledge execution, the signatures of principals and sureties, to bonds of this and like character, absent here, in the interest of simplicity of proof as well as for the satisfaction of the official called upon to approve, we know of no statute or rule of law expressly requiring it. None of the objections urged against such additional bond have merit.

Whatever may be said as to any irregularity in bringing the appeal into the district court and of obtaining jurisdiction of the person of Plaintiff Heron, if there be any, further notice of such question is not necessary. Certainly any irregularity or error which could be waived, was in fact waived by plaintiff's entry of his general appearance and moving as to the bonds in question, when he expressly recognized that an appeal was then pending in the district court.

We find no merit to any of the assignments and the judgment is affirmed; and it is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

LUJAN, J., did not participate.