706 P.2d 105

**Marvin CENTERS, d/b/a Alpine Realty, Plaintiff-Respondent,**

v.

**Uriel YEHEZKELY and Erela Yehezkely, Defendants-Appellants.**

No. 15878.

Court of Appeals of Idaho.

Sept. 4, 1985.

Uriel Yehezkely and Erela Yehezkely, pro se.

Terry Michaelson (Verner & Michaelson), Nampa, for plaintiff-respondent.

PER CURIAM.

The question presented by this case is whether a real estate broker, Marvin Centers, is entitled to a commission for producing a ready, willing and able buyer for property owned by Uriel and Erela Yehezkely. Following a bench trial, a magistrate entered judgment for the broker. On appeal, the district court affirmed. The property owners have appealed again. For reasons set forth below we, too, affirm.

In the magistrate division and before the district judge, the property owners were represented by counsel. During those stages of the proceedings, they advanced two principal lines of defense against the broker's claim. (1) They contended that certain prospective purchasers, including one Burke Jones, were orally excepted from the listing agreement and that the offer ultimately produced by the broker was from a corporation which in essence was Burke's "alter ego." (2) The owners also contended that the broker failed to perform under the listing agreement by timely presenting a valid full-price offer. In the instant appeal the owners, representing themselves, have presented five separately stated issues: (a) that there was no timely "full offer;" (b) that the document purporting to be such an offer was incomplete; (c) that the purported offer was not shown to the owners; (d) that the purported offer was somehow negated by an ex-

tension of the time deadline under the listing agreement; and (e) that the buyer produced by the broker actually was not willing to purchase the property on the terms indicated.

■ We begin by noting that the district court in this case functioned as an intermediate appellate court. It is well settled that when a second appeal is taken, the appellants may not raise issues in the higher court different from those presented in the intermediate court. *E.g., Davenport v. Stratton*, 24 Cal.2d 4, 149 P.2d 4 (1944); *In re Gereke's Estate*, 165 Kan. 249, 195 P.2d 323 (1948); *Heron v. Gaylor*, 49 N.M. 62, 157 P.2d 239 (1945); *Pappas v. Hershberger*, 85 Wash.2d 152, 530 P.2d 642 (1975). This rule is a corollary to the general principle recognized in Idaho, subject to exceptions not applicable here, that an issue presented on appeal must have been properly framed and preserved in the court below. *E.g., Masters v. State*, 105 Idaho 197, 668 P.2d 73 (1983); *Green v. Young*, 102 Idaho 735, 639 P.2d 433 (1981).

In this case, it is readily apparent that some deviation exists between the issues advanced in the district court and those now presented to us. In particular, issue (d), as described above, appears to be newly raised; therefore, it will not be considered. The remaining issues, although stated differently from the questions presented to the district court, appear to share a common nexus of subject matter with issue (2)—whether the broker failed to present a timely and valid full-price offer. We now turn to that general subject.

It is undisputed that the owners engaged the broker to find a purchaser for property in Nampa known as the Sparks Hotel, at a price of $47,500. On the last day before the listing agreement expired, the broker presented an offer from an entity known as Longbranch, Inc., at a price of $44,000. The offer was rejected but the owners extended the time for the broker to obtain a full-price offer. Two days later, the broker met with principals of Longbranch, Inc., and obtained their initials on amendments to the offer, increasing the amount to $47,-500. On the same day, owner Uriel Yehezkely visited the broker's agent at the agent's home. What transpired during that meeting is controverted. The agent testified that Yehezkely was advised of the full-price offer and that the amended instrument was placed on the kitchen table before him. According to the agent, Yehezkely delayed a decision, saying there were leasing problems to be resolved. In addition, Yehezkely and the agent called the Idaho Secretary of State's Office to ascertain the names of individuals connected with Longbranch, Inc. They were informed that Burke Jones was the registered agent for the corporation. Thereafter, Yehezkely declined to accept the amended offer, or any other offers from Longbranch, Inc. This lawsuit followed.

■ The magistrate found that the owners, when executing the listing agreement with the broker, "did not reserve the right to sell directly to Burke Jones or any other particular individual...." The magistrate further found that "[d]uring the period of the extended listing agreement, the [broker] produced a ready, willing and able buyer...." The magistrate concluded that the broker had performed under the listing agreement and was entitled to the commission claimed.

As noted above, the owners now challenge the magistrate's decision upon the grounds that the amended instrument, initialed by the principals of Longbranch, Inc., was not a full offer; that it was fatally incomplete; and that it was not actually presented to them by the broker's agent. We have examined the amended instrument, which is an exhibit in the record, together with testimony at trial concerning the instrument. We find no basis for the owners' argument that the amended instrument did not represent a full-price offer. We also find no merit in the owners' contention that the amended instrument is fatally incomplete. The instrument adequately identifies the property and the purchase price, stating how and when the money shall be paid. The terms of payment, including assumption of an existing loan,

correspond to information contained in the listing agreement signed by the owners. Although it appears that figures concerning the amount of the outstanding loan later were modified, this modification was occasioned by new information furnished by the owners and did not affect the willingness of the prospective purchaser to perform. Finally, based upon the agent's testimony set forth above, we believe there is substantial, albeit conflicting, evidence to show that the full-price offer actually was presented to the owners. The magistrate's findings will not be disturbed. I.R.C.P. 52(a); *Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

We conclude that the district court properly upheld the magistrate's judgment. In the present appeal, the broker has requested an award of attorney fees. Such an award is authorized by the listing agreement and will be made upon proper application under I.A.R. 41(d).

The decision of the district court is affirmed. Costs, including attorney fees, to respondent Marvin Centers.