810 P.2d 1145

**J. Patrick KAUFMAN and Marcella Kaufman, husband and wife, Plaintiffs–Appellants,**

**and**

**Homecare Maintenance, Inc., an Idaho corporation, Plaintiff,**

**v.**

**Rod FAIRCHILD and Carol Fairchild, husband and wife, Defendants,**

**and**

**Jerry Probst, Defendant–Respondent.**

**No. 18419.**

Court of Appeals of Idaho.

May 3, 1991.

Dodson & Raeon of Coeur d'Alene for appellants. Charles M. Dodson, argued.

Jerry Probst, pro se.

SWANSTROM, Judge.

J. Patrick Kaufman and his wife, Marcella, appeal from a partial summary judgment granted in favor of Jerry Probst. In

this case, we must decide whether an accommodation maker who co-signs a promissory note is released from liability thereon when the creditor extends the time for payment on behalf of the debtor without his consent. For reasons explained below, we affirm the district court's award of summary judgment in favor of Jerry Probst.

On November 7, 1986, Rod Fairchild signed a promissory note for $30,000 payable to J. Patrick Kaufman, receiving in return money from Kaufman to start a new business. Later, Probst also signed the note on Fairchild's behalf, but he received no monetary consideration for his signature on the note. Apparently, Probst had intended to join Fairchild in the business venture; however, he later decided not to become involved in the business.

The note was payable in four installments with the last payment due on May 15, 1987. When Fairchild failed to make payment on the note, Kaufman demanded payment from both Fairchild and Probst in August, 1987. This led to the execution of an extension agreement between Kaufman and Fairchild on October 16, 1987, in which Kaufman agreed to extend the payment date to October 16, 1988. Probst had no knowledge of the extension agreement and did not consent to it. Finally, on November 7, 1988, after Fairchild failed to make further payments on the note, Kaufman filed this action in the district court.

After discovery proceedings were commenced, Probst filed a motion for summary judgment. As one of his defenses, Probst sought dismissal of the action against him because the extension agreement was executed without his consent. The district court agreed with Probst's position and granted summary judgment in his favor. Kaufman filed this appeal.

■ Summary judgment is proper when genuine issues of material fact are absent and the moving party is entitled to judgment as a matter of law. *Olsen v. Freeman*, 117 Idaho 706, 791 P.2d 1285 (1990). Normally, a party resisting a motion for summary judgment is entitled to the benefit of all reasonable inferences drawn from the evidentiary facts and to a favorable view of all conflicting evidence. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982).

If the action will be tried by the court without a jury, as in the present case, an exception to this rule applies. In *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982), our Supreme Court held that a judge is not required to draw inferences in favor of the party opposing a motion for summary judgment. Therefore, the judge was entitled to exercise the *Ritchie* powers in determining whether Probst was entitled to summary judgment as a matter of law.

We now turn to the arguments raised by Kaufman on appeal. Kaufman contends that Probst was a "co-maker" on the note rather than an "accommodation maker." Kaufman argues that because Probst signed the promissory note in this capacity, he was not relieved of liability on the note once Kaufman and Fairchild executed the extension agreement. Kaufman also asserts that Probst received consideration, when he signed the note, in the form of an indirect benefit derived from his intended business relationship with Fairchild. Because of Probst's alleged receipt of consideration, Kaufman argues that Probst must now show that he was prejudiced by the signing of the extension agreement.

Idaho Code § 28-3-606(1)(a) provides essentially that the *holder* discharges *any party to the instrument* to the extent that without such party's *consent* and without an *express reservation of rights* the *holder* agrees to *suspend* the right to enforce against such person. (Emphasis added.) A legal scholar on the Uniform Commercial Code made the following observation about this U.C.C. provision:

The subsection does not expressly state that if the creditor grants an extension, the surety is discharged, but the draftsmen intended that result. The surety, then, can claim discharge under 3-606 when, without his consent and without an "express reservation of rights," the creditor and debtor enter

into an agreement to extend time for payment.

J. WHITE & R. SUMMERS, HANDBOOK OF THE LAW UNDER THE UNIFORM COMMERCIAL CODE § 13–14 at 524–25 (2d ed. 1980).

■ It is Kaufman's position that the words "any party to the instrument" in I.C. § 28–3–606 apply only to an accommodation maker and not to a co-maker.[1] Therefore, according to Kaufman, the extension agreement did not release Probst from liability.

"An accommodation party is one who signs the instrument in any capacity *for the purpose of lending his name* to another party to it." I.C. § 28–3–415(1) (emphasis added). Whether a party is an accommodation maker depends on the signer's purpose in signing the instrument. The intent or purpose of the signer is a factual question to be resolved by the trier of fact. *Airstream, Inc. v. Cit Financial Services, Inc.*, 111 Idaho 307, 723 P.2d 851 (1986). In making this determination, courts are often guided by whether the co-signer received consideration in exchange for his signature. Courts focus on this aspect of the transaction, because the receipt of proceeds from the instrument or other direct benefits would generally be inconsistent with the accommodation status. J. WHITE & R. SUMMERS, *supra*, § 13–13 at 521.

The district judge, acting as the trier of fact in this case, determined that Probst signed the note as an accommodation party and not as a co-maker. This finding was based on two admissions made by Kaufman. First, Kaufman's counsel conceded that Probst had received no monetary consideration in exchange for his signature on the note. Second, Kaufman's counsel explained that Probst intended to sign the note as an accommodation maker, and not as a co-maker, and that accordingly, the recovery being sought against Probst was based on his status as an accommodation party. In this appeal, for the first time, Kaufman contends that Probst was not an accommodation maker. This contention is contrary to the position he took at the hearing on the motion for summary judgment. Accordingly, his present contention raises a new issue which we will not consider for the first time on appeal. *Centers v. Yehezkely*, 109 Idaho 216, 706 P.2d 105 (Ct.App.1985).

The district court's conclusion that Probst acted as an accommodation party rather than as a co-maker is also supported by the great weight of authority on the issue. *See generally* J. WHITE & R. SUMMERS, *supra*, § 13–13 at 521. *See also Seaboard Finance Co. of Connecticut, Inc. v. Dorman*, 227 A.2d 441 (Conn.Cir.Ct. App.Div.1966) (wife found to be an accommodation maker since she signed the note without receiving consideration and only for the purpose of lending her name to her husband); *Stockwell v. Bloomfield State Bank*, 174 Ind.App. 307, 367 N.E.2d 42 (1977), *rev'd on other grounds, Farner v. Farner*, 480 N.E.2d 251 (Ind.App.Ct.1985) (co-signer was considered an accommodation maker because the party only received an indirect benefit from placing his signature on the note).

Here, the district court's findings are well supported by the record. No genuine issue of material fact has been shown. Nor can we say that the district court erred in concluding as a matter of law that Probst was an accommodation maker. Moreover, because we hold that Probst signed the note as an accommodation maker, we need not reach the question of whether a co-maker is released from liability on the note once the other co-maker agrees to an extension of time for payment.[2]

■ We now turn to Kaufman's second argument on appeal. Kaufman contends that Probst received consideration in ex-

---

1. The words "any party to the instrument" clearly apply when a party is signing as an accommodation maker. I.C. § 28–3–606, Comment to Official Text.

2. Our Supreme Court has not yet addressed this issue. However, a federal circuit court has held that the surety defenses set forth in I.C. § 28–3–606 are not available to a co-maker. *See Great Southwest Life Ins. Co. v. Frazier*, 860 F.2d 896 (9th Cir.1988).

change for his signature on the note. Based on this contention, Kaufman argues that Probst cannot be released from liability on the note unless Probst shows that he has been prejudiced or injured by the extension of time for payment. We agree with Kaufman's statement of the law. Generally, an extension of time for payment will discharge a surety's obligation under the surety contract, but a compensated surety must, to be relieved from liability, show prejudice or injury. *Ore–Ida Potato Products, Inc. v. United Pacific Ins. Co.*, 87 Idaho 185, 392 P.2d 191 (1964). *Cf. Gebrueder Heidemann, K.G. v. A.M.R. Corp.*, 107 Idaho 275, 688 P.2d 1180 (1984) (compensated guarantor must show prejudice or injury in order to be released from liability). However, because the district court properly found that Probst did not receive any consideration in exchange for his signature, we hold that he was not a compensated surety. Therefore, Probst need not show that he was prejudiced by the execution of the extension agreement in order to be relieved from liability on the note.

In conclusion, we affirm the amended partial summary judgment in the Kaufmans' claim against Probst, including the award of attorney fees. Costs on appeal to respondent Probst.

WALTERS, C.J., and SILAK, J., concur.