Jaffe v. Kolok, No. S1130-03 CnC (Katz, J., Aug. 10, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

JAFFE

v.

KOLOK

ENTRY

This action poses the question of who qualifies as an accommodation party under 9A V.S.A. § 3–419 when a party does not clearly identify himself as such. Parties are co-makers of a note for a $250,000 loan taken out primarily for the benefit of their jointly owned business venture, Marble Island Resort and Community. Plaintiffs Jaffe and Kaminsky own 40% of the business and defendant Kolok owns 60% and is its manager. From the beginning, plaintiffs alone have made all of the required payments on the note. They seek contribution from Kolok for

past and future payments.  9A V.S.A. § 3–116 (joint and several liability among co-makers).  They also claim that Kolok orally agreed to be responsible for 60% of the loan.  Kolok disavows the existence of such an agreement and argues that he is an accommodation party to the note and is therefore not liable to them.  9A V.S.A. § 419(a), (e).

An accommodation party is a surety to a note, "one who signs the instrument in any capacity for the purpose of lending his name to another party to it."  Fed. Fin. Co. v. Landers, 169 Vt. 570, 571 (1999) (citations omitted).  Thus, an accommodation party is not primarily responsible for a note and never jointly liable to a co-maker for contribution.  9A V.S.A. § 3-419 cmt.1.  Whether a party is an accommodation party is a matter of intent.  Catania v. Catania, 601 A.2d 543, 545–46 (Conn. 1992).  This is a question of fact.  Id.  But, Kolok, as the party asserting this defense, carries the burden of proof that he, plaintiffs, and the bank intended for him to be an accommodation party rather than just a co-maker.  Id.

When accommodation party status cannot be proved by a written, express acknowledgment, courts will look to the facts and circumstances of the underlying transaction.  See generally Who Is Accommodation Party under [Former] Uniform Commercial Code § 3–415, 90 A.L.R.3d 342 (1979 & 2003 Supp.).  In particular, courts have looked to see if an indorsement was outside the chain of title, see, e.g., King v Finnell,  603 P2d 754 (Okla 1979), or whether the party signed with words of guarantee, 9A V.S.A. § 3–419(c).  Courts have also found accommodation status when the party's signature was required or requested by another in order to obtain the loan.  See, e.g., Holcomb State Bank v Adamson, 438 NE2d 635 (Ill. 1982).  This fact is often coupled with a proof that the proceeds were for the sole benefit of another party to the exclusion of the accommodating party.  See, e.g., Kaufman v Fairchild, 810 P.2d 1145 (Idaho App. 1991)

(party had accommodation status when it received only an indirect, increaed sales benefit from loan and co-signer received actual proceeds); Fairfield County Trust Co. v Steinbrecher, 255 A2d 144 (Conn. 1968) (payee would not have made loan without party as an accommodation); see also 4 Hawkland UCC Series § 3–415:3 (2002).  Either together or alone, they are combined and used as parol evidence to prove that the parties intended the defendant to be an accommodation party. See 90 A.L.R.3d 342, at § 6.

Here, Kolok relies solely on an affidavit stating his personal understanding of the agreement but offers no other evidence that would show the other parties' intent or understanding.  Instead, he argues that he should be considered an accommodation party because he received no benefit from the loan.  To prove this, he latches on to Comment 1 of § 3–419, which states:

> [I]f X cosigns a note of Corporation that is given for a loan to Corporation, X is an accommodation party if no part of the loan was paid to X or for X's direct benefit. This is true even though X may receive indirect benefit from the loan because X is employed by Corporation or is a stockholder of Corporation, or even if X is the sole stockholder so long as Corporation and X are recognized as separate entities.

Id.  This problematic example, however, raises the key question in this case—What is a direct benefit?  Professors White & Summer note that a shareholder with a controlling stake who co-signs a loan that benefits the corporation is not an accommodation party because he receives the direct benefit of the loan through the corporation.  J. White & R. Summers, Hanbook of the Law Under the Uniform Commercial Code § 13–13, at 511 (2d ed. 1980) (citing MacArthur v. Cannon, 229 A.2d 372 (Conn. 1967)).

This interpretation has been cited by other jurisdictions facing the same problem.  See, e.g., <u>Lasky v. Berger</u>, 536 P.2d 1157, 1158–60 (Colo. App. 1975); 4 Hawkland UCC Series § 3–415:3, at n. 8 (2002) (citing to collected UCC cases); see also 90 A.L.R.3d 342, at § 3 ("[C]ourts have held makers to be accommodation parties for comakers . . . in cases where the proceeds . . . were applied solely for the benefit of the comaker, but not in cases where the maker . . . received the proceeds of the instrument or derived benefits from the application of the proceeds . . . .").

Here, defendant did not personally receive the money from the loan, but the bulk of it went into the business he was attempting to save, which needed the additional funds.  We cannot conclude that such a benefit was merely indirect to Kolok.  Furthermore, without any other clear proof of manifested intent or notice to other parties, Kolok cannot be an accommodation party.  9A V.S.A. § 3–419; 4 Hawkland UCC Series § 3–415:3 (noting that such a conclusion without proof of express intent would requires strong evidence).

Kolok's affidavit does raise a factual question as to whether he is liable for his share of the loan or the 60% alleged by Jaffe and Kaminsky.  As such, the issue of his liability is not ripe for summary judgment and will require factual findings.  Likewise, Kolok's claim for setoff.

Based on the foregoing, plaintiffs' motion for summary judgment is denied.  The clerk will set this matter for conference.

Dated at Burlington, Vermont_____, 2004.